UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MEELAD DEZFOOLI,<br><br>Defendants. | Case No. 22-cr-00142-RFB-DJA<br><br>**ORDER** |

### I.   INTRODUCTION

Before the Court are: Plaintiff United States of America's Motion to Prevent Pearl Creek Homeowners Association's Default Foreclosure Sale [ECF No. 93] and Motion to Prevent Foreclosure Sale [ECF No. 95]. For the following reasons, Plaintiff's Motions are granted.

### II.   PROCEDURAL BACKGROUND

On June 22, 2022, the Government issued a criminal indictment against Defendant Meelad Dezfooli. ECF No. 1.

On July 12, 2022, the Government issued five Notices of Lis Pendens, including notices related to the properties at issue in the present motions. ECF Nos. 8-12.

On December 8, the Government submitted the present motion to prevent the sale of the property located at 890 Harbor Avenue, Henderson, Nevada 89002 by the Pearl Creek Homeowners Association ("HOA"). ECF No. 93.

On December 9, 2023, the Government submitted the present motion to prevent the sale of the property located at 6033 Watermelon Street, North Las Vegas, 89081 by MTC Financial Inc. ("MTC"). ECF No. 95.

### III. LEGAL STANDARD

Under 21 U.S.C. § 853(3)(1)(A), this Court may take action to preserve the availability of property subject to criminal foreclosure upon the filing of an indictment. Additionally, 18 U.S.C. § 981(a)(1)(C) authorizes civil forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation" of any of the offenses designated as "specified unlawful activity" under 18 U.S.C. § 1956(c)(7). "Proceeds" as used in § 981(a)(1)(C) include "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." See 18 U.S.C. § 981(a)(2)(A).

Third parties are prohibited from commencing actions against the interest of the United States in forfeitable property after an indictment has been filed. See 21 U.S.C. § 853(k)(2). A foreclsoure sale is an action at law or equity against the United States in contravention of § 853(k). United States v. MacInnes, 223 F. App'x 549, 553-54 (9th Cir. 2007).

### IV. DISCUSSION

#### a. Foreclosure Sale of 890 Harbor Avenue

The criminal indictment identified the property located at 890 Harbor Avenue as forfeitable property prior to the scheduled HOA foreclosure sale. Accordingly, under § 853(k)(2), the Pearl Creek HOA is prevented from foreclosing on this property.

Moreover, the Local Rules of Practice for the United States District Court for the District of Nevada provide that "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2. The HOA has not filed a response to the Government's motion. Consequently, the Court interprets this as consent to the granting of the motion. The HOA maintains the right to assert a third-party interest subject to 21 U.S.C. § 853(n).

#### b. Foreclosure Sale of 6033 Watermelon Street

The criminal indictment identified the property located at 6033 Watermelon Street as forfeitable property prior to the scheduled foreclosure sale. Accordingly, under § 853(k)(2), MTC is prevented from foreclosing on this property.

Moreover, the Local Rules of Practice for the United States District Court for the District of Nevada provide that "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2.  MTC has not filed a response to the Government's motion. Consequently, the Court interprets this as consent to the granting of the motion. The company maintains the right to assert a third-party interest subject to 21 U.S.C. § 853(n).

### V.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motions to Prevent Foreclosure Sale (ECF Nos. 93, 95) are GRANTED.

**IT IS FURTHER ORDERED** that no foreclosure sale of the properties located at (a) 890 Harbor Avenue, Henderson, Nevada 89002 and (b) 6033 Watermelon Street, North Las Vegas, 89081 shall occur without explicit approval of this Court.

**DATED:** January 24, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**