JASON M. FRIERSON
United States Attorney
Nevada Bar No.7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00142-CDS-DJA |
| Plaintiff | **Order Granting United States of America's Motion to Prevent Clark County Treasurer from a Tax Sale of 6116 Chinook Way, Las Vegas, Nevada 89108** |
| v. | |
| MEELAD DEZFOOLI, | [ECF No. 154] |
| Defendant | |

The United States moves this Court to issue an Order to prevent the Clark County Treasurer (Treasurer) from a tax sale or any further proceedings against real property located at 6116 Chinook Way, Las Vegas, Nevada 89108 (6116 Chinook),[1] which is subject to criminal forfeiture.[2] 21 U.S.C. § 853(k) prohibits the Treasurer from a tax sale or moving against the property because the United States has alleged 6116 Chinook is subject to forfeiture in a criminal indictment. The United States has authority to protect its forfeiture interest in 6116 Chinook under 21 U.S.C. § 853(c) and 853(e)(1)(A). Accordingly, this Court should grant this Motion and issue the Order.

---

[1] 6116 Chinook Way, Las Vegas, Nevada, 89108, is more particularly described as:
LOT TWENTY-FOUR (24) IN BLOCK C OF LEWIS HOMES RAINBOW VISTA UNIT NO. 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 30 OF PLATS, PAGE 41, AND AS AMENDED BY A CERTIFICATE OF AMENDMENT RECORDED AUGUST 2, 1985 IN BOOK 2159 AS DOCUMENT NO. 2118935, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA; TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 138-26-615-070.

[2] Superseding Criminal Indictment (SCI), ECF No. 97.

This Motion is made and is based on the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and the attached Exhibits.[3]

### MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

The United States adopts and incorporates the facts stated in the Superseding Criminal Indictment and in Government's Motion for Interlocutory Sale of 6116 Chinook.[4]

Beginning on or around April 2020 and continuing until at least on or around March 2021, Meelad Dezfooli (Dezfooli) knowingly executed, and attempted to execute, a scheme to defraud and artifice to obtain money and property owned by, and under the custody and control of, financial institutions by means of materially false and fraudulent pretenses, representations, and promises. Dezfooli submitted fraudulent PPP loan applications and obtained approximately $11.2 million to unjustly enrich himself and others.[5]

On or around May 22, 2020, Dezfooli purchased 6116 Chinook Way at auction on behalf of Sanam Limited for $228,000 under the name of Sanam Limited, an entity formed by Dezfooli to further his scheme of fraudulent PPP loan applications.[6] Dezfooli identified himself as the sole owner of Sanam Limited.[7]

On December 23, 2021, the Clark County Treasurer recorded a Treasurer's Certificate for Delinquent Taxes for a total amount of $1,289.61.[8] "The certificate authorizes the County Treasurer to hold the property for the period of two (2) years after the first Monday in June …. The title to the property if not redeemed by the expiration of the period of redemption will vest in the County for the benefit of the State and County."[9]

---

[3] All Exhibits are attached hereto and incorporated herein by reference as if fully set forth herein.
[4] LR IA 10-3(a); SCI, ECF No. 97; Motion for an Interlocutory Order of Sale of 6116 Chinook Way, Las Vegas, Nevada 89108 (Interlocutory Motion), ECF No. 136; ECF No. 136-1, Exhibits (Ex.) 3-1, 4-1, 7-1 book 1, 7-1 book 2, 7-1 book Property Tracing, 8-1, A, B, C, and D.
[5] SCI, ECF No. 97.
[6] SCI, ECF No. 97; Interlocutory Motion Ex., ECF No. 136-1, Ex. 7-1, book Property Tracing, Ex. 8-1.
[7] SCI, ECF No. 97, p. 2.
[8] Ex. E, Treasurer's Certificate for Holding Delinquent Real Property Parcel, Delinquent Taxes for Fiscal Year 2020-2021.
[9] *Id.* (ellipses added).

On June 22, 2022, a Grand Jury returned an Eight-Count Criminal Indictment charging Dezfooli with bank fraud, concealment money laundering, and monetary transactions in criminally derived property.[10] On December 12, 2023, a Ten-Count Superseding Criminal Indictment was returned charging Dezfooli with three counts of bank fraud in violation of 18 U.S.C. § 1344(2), three counts of concealment money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and four counts of monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957.[11] At his arraignment, Dezfooli plead not guilty to all ten Counts.[12] A jury trial is currently set for August 26, 2024.[13]

In the Superseding Criminal Indictment, forfeiture is alleged under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1) and 982(a)(2)(A) and identified 6116 Chinook, four other real properties, a 2021 Tesla, and a 2021 Bentley as forfeitable property, and criminal forfeiture money judgments of at least $11,231,186.52, $2,303,872.56, and $965,276.11.[14]

On July 12, 2022, the United States filed Notices of Lis Pendens with this Court for all five real properties subject to criminal forfeiture as identified in the Criminal Indictment: 6116 Chinook Way, Las Vegas, Nevada, 89108;[15] 6033 Watermelon Street, Las Vegas, Nevada, 89081;[16] 1829 La Calera Avenue, North Las Vegas, Nevada, 89084;[17] 890 Harbor Avenue, Henderson, Nevada 89002;[18] and 176 Glen Falls Avenue, Henderson, Nevada 89002.[19] On the same day, the United States recorded the certified copies of each Lis Pendens for all five real properties, including 6116 Chinook.[20]

/ / /

/ / /

---

[10] Criminal Indictment, ECF No. 1.
[11] SCI, ECF No. 97.
[12] Court Minutes - Arraignment & Plea, ECF No. 104.
[13] Order to Continue, ECF No. 131.
[14] SCI, ECF No. 97, p. 16-21.
[15] Lis Pendens, ECF No. 8.
[16] Lis Pendens, ECF No. 9.
[17] Lis Pendens, ECF No. 10.
[18] Lis Pendens, ECF No. 11.
[19] Lis Pendens, ECF No. 12.
[20] Ex. F, Recorded Certified Copy of Lis Pendens for 6116 Chinook.

On December 1, 2022, the United States recorded a Request for Notice Under Chapter 107 NRS with the Clark County Recorder, requesting a copy of any Notice of Default or Notice of Sale regarding 6116 Chinook.[21]

Despite the fact the United States recorded a Lis Pendens and a Request for Notice for 6116 Chinook, a records search from the Clark County Recorder's website reveals that Clark County took action against the United States' interest when it transferred the Deed to the Treasury for unpaid taxes. The Tax Deed was recorded on June 13, 2023.[22] As of March 18, 2024, there is a balance of $9,114.73 in past due property taxes, interest, and penalties against 6116 Chinook.[23]

## II. ARGUMENT

### A. This Court Has Authority to Prevent the Clark County Treasurer from Advancing with a Tax Sale of 6116 Chinook Under 21 U.S.C. § 853(k).

When the grand jury returns a criminal indictment, the government is authorized to forfeit any of the defendant's property, "which constitutes or is derived from proceeds traceable to [the crime], or a conspiracy to commit such offense[;]"[24] "constituting, or derived from, proceeds… obtained directly or indirectly, as the result of" the crime, "or a conspiracy to violate" such offense, "affecting a financial institution[;]"[25] "involved in a transaction or attempted transaction in violation of [the crime], or any property traceable to such property[;]"[26] or "involved in [the crime], or any property traceable to such property."[27]

To prevent third parties claiming an interest in forfeitable property from interfering with the orderly conduct of criminal cases, Congress prohibits third parties from commencing actions against the interest of the United States in forfeitable property after an indictment has been filed.

---

[21] Interlocutory Motion Ex., ECF No. 136-1, Ex. A, Recorded Request for Notice for 6116 Chinook.
[22] Interlocutory Motion Ex., ECF No. 136-1, Ex. B, Clark County Recorder, Property Search; Ex. C, Clark County Assessor, Owner Search.
[23] Interlocutory Motion Ex., ECF No. 136-1, Ex. D Clark County Treasurer, Account Inquiry.
[24] 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) (brackets added).
[25] 18 U.S.C. § 982(a)(2)(A) (brackets and ellipsis added).
[26] 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c) (brackets added).
[27] 18 U.S.C. § 982(a)(1) (brackets added).

> Except as provided in subsection (n), no party claiming an interest in property subject to forfeiture under this section may - -
> ...
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.[28]

In *MacInnes*, the Ninth Circuit expressly held a foreclosure sale is "an action at law or equity against the United States in contravention of § 853(k)."[29] Under 21 U.S.C. § 853(c), (k), and (n), advancing with a tax sale or any other proceeding against the United States' interest in 6116 Chinook, a forfeitable property, is an action against the United States, outside the confines of the exclusive ancillary procedure of § 853(n) and Fed. R. Crim. P. 32.2(c), and is, therefore, barred.[30]

"Section 853(n) provides the process for vindicating a third party's interests in forfeited property. The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property."[31] Accordingly, when a property is identified as forfeitable in a criminal indictment, third parties are prohibited from foreclosing on that property.[32] A third party's only recourse is to petition the Court in the process identified in § 853(n) and Fed. R. Crim. P. 32.2(c).[33]

---

[28] 21 U.S.C. § 853(k)(2) (ellipses added).

[29] *United States v. MacInnes*, 223 F. App'x 549, 550, 553-54 (9th Cir. 2007) (per curiam) (citing *United States v. Phillips*, 185 F.3d 183,187-88 (4th Cir. 1999) (holding "the foreclosure action constituted 'an action at law or equity against the United States' and was statutorily barred under § 853(k)" quoting 21 U.S.C. § 853(k)); *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) (explaining third party cannot bring an action at law or equity) (citing 21 U.S.C. § 853(k)).

[30] *See Libretti v. United States*, 516 U.S. 29, 44 (1995) (When the government has forfeited property, third-party petitioners may "establish their entitlement to a return of the assets only by means of a hearing afforded under 21 U.S.C. § 853(n)."); *Lazarenko*, 476 F.3d at 646-48, 650, 652; *Phillips*, 185 F.3d at 187-88.

[31] *Lazarenko*, 476 F.3d at 648 (explaining "a court adjudicates a third party's interest in the forfeited property in an ancillary proceeding after concluding the criminal case and entering a preliminary order of forfeiture."); Fed. R. Crim. P. 32.2(b) advisory committee's note (bracket added) ("[T]hird party interests in a criminally forfeited property are litigated by the court in the ancillary proceeding following the conclusion of the criminal case and the entry of a preliminary order of forfeiture."); 21 U.S.C. § 853(n); 18 U.S.C. § 1963(*l*).

[32] *MacInnes*, 223 F. App'x at 550, 553-54.

[33] *See Id.; Libretti*, 516 U.S. at 44 (When the government has forfeited property, third-party petitioners may "establish their entitlement to a return of the assets only by means of a hearing afforded under 21 U.S.C. § 853(n)."); Fed. R. Crim. P. 32.2(b) advisory committee's note (brackets added) ("[T]hird party interests in a criminally forfeited property are litigated by the court in the ancillary proceeding following the conclusion of

When the Indictment was first entered on June 22, 2022, and specifically identified 6116 Chinook as forfeitable property prior to Clark County's Tax Deed recorded on June 13, 2023, § 853(k)(2) prevents the Treasurer from moving forward with a tax sale or any other proceeding against the property because it is statutorily barred. The United States took appropriate measures to provide notice of its judicial interests in 6116 Chinook. The Clark County Treasurer, a potential third-party who may have an interest in the property, is statutorily barred from advancing with a tax sale.[34] Their only recourse is 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c).[35]

**B. The United States Has Authority to Protect its Forfeiture Interest in 6116 Chinook Under 21 U.S.C. § 853(c) and 853(e)(1)(A).**

The United States has authority to seek the preservation of property for forfeiture. Under 21 U.S.C. § 853(c), the property "vests in the United States upon the commission of the act giving rise to [the] forfeiture…."[36] Under 21 U.S.C. § 853(e)(1)(A), "the court may…take any… action to preserve the availability of property… upon the filing of an indictment… charging a violation… for which criminal forfeiture may be ordered…."[37]

In *92 Buena Vista*, the Supreme Court determined that the "relation back" doctrine in 21 U.S.C. § 853(c) does not self-execute and the government does not become an owner until after forfeiture is decreed and title is retroactively vested.[38] Because the United States' interest in the property is not perfected until after forfeiture is decreed, the United States does not have a right to prematurely cut off the interests of potential third-parties.

The Clark County Treasurer may have an interest in the property and the United States does not seek to bypass those interests. The United States requests this Court to

---

the criminal case and the entry of a preliminary order of forfeiture."); 21 U.S.C. § 853(n); 18 U.S.C. § 1963(*l*); Fed. R. Crim. P. 32.2(c).

[34] *MacInnes*, 223 F. App'x at 550, 553-54.

[35] *See*; *Phillips*, 185 F.3d at 187-88; *In re America Basketball League, Inc.*, 317 B.R. 121, 129 (Bankr. N.D. Cal. 2004) ("Consistent with the plain language of the statute, the case law has uniformly found that § 853(k) imposes an absolute bar to actions that assert an interest in forfeitable property if they are commenced outside of the ancillary proceedings."); *Libretti*, 516 U.S. at 44; *Lazarenko*, 476 F.3d at 646-48; 650, 652.

[36] 21 U.S.C. § 853(c) (brackets added).

[37] 21 U.S.C. § 853(e)(1)(A) (ellipses added).

[38] *United States v. 92 Buena Vista Ave.*, 507 U.S. 111, 125-26 (1993). Buena Vista is discussing 21 U.S.C. § 881(h), which has similar vesting language to 21 U.S.C. § 853(c).

prevent the Treasurer from selling the property, resulting in eliminating any potential recovery of forfeiture proceeds. The United States has alleged that 6116 Chinook was purchased with illegal proceeds.[39] Once forfeiture is completed the property title will vest in the United States, but only if the property is still available. "The Government's interest in winning undiminished forfeiture thus includes the objective of returning property, in full, to those wrongfully deprived or defrauded of it."[40] Clark County Treasurer will have an opportunity to assert their interests in the property during the ancillary proceeding.[41]

Under 21 U.S.C. § 853(e), the Court has the discretion to issue protective orders at the request of the government.[42] "Whatever discretion Congress gave the district courts in § 853(e) and 853(c), that discretion must be cabined by the purposes for which Congress created it: to preserve the availability of property for forfeiture."[43]

As it has done so before regarding other real properties in this case, this Court is authorized to prevent the Treasurer from advancing with a tax sale or any other proceeding against 6116 Chinook to preserve the United States' interests and rights to the property.

## III. CONCLUSION

The United States identified 6116 Chinook as forfeitable property upon the filing of a criminal indictment and has authority to protect its forfeiture interests under 21 U.S.C. § 853(c) and 853(e)(1)(A). When the Treasury transferred the Tax Deed to the Treasurer, it violated 21 U.S.C. § 853(k). Accordingly, this Court should enter an Order prohibiting the

/ / /

/ / /

---

[39] *See* SCI, ECF No. 97; *See* Interlocutory Motion, ECF No. 136.
[40] *Caplin & Drysdale v. United States*, 491 U.S. 617, 629 (1989); *United States v. Lillard*, 57 F.4th 729, 734-36 (9th Cir. 2023).
[41] Fed. R. Crim. P. 32.2(c); 21 U.S.C. § 853(n); *Libretti*, 516 U.S. at 44 (When the government has forfeited property, third-party petitioners may "establish their entitlement to a return of the assets only by means of a hearing afforded under 21 U.S.C. § 853(n)."); *United States v. Hooper*, 228 F.3d 818, 821 (9th Cir. 2000) (After the government forfeits property, third parties may assert a third-party petition with the court to litigate their interests.);
[42] *United States v. Crozier*, 777 F.2d 1376, 1382 (9th Cir. 1985).
[43] *United States v. Monsanto*, 491 U.S. 600, 613 (1989) (quotation marks and ellipsis omitted); *see United States v. 849 NW Wall Street, Bend, Oregon*, co7-359Z, 2008 U.S. Dist. Lexis 104313, 6-7 (W.D. Wash. December 17, 2008).

1    Clark County Treasurer with a tax sale or any other proceeding against 6116 Chinook Way,

2    Las Vegas, Nevada 89108.

3            Dated: May 14, 2024.

4                                        Respectfully submitted,

5                                        JASON M. FRIERSON
                                         United States Attorney
6

7                                         /s/  Daniel D. Hollingsworth
                                         DANIEL D. HOLLINGSWORTH
8                                        Assistant United States Attorney

9

10                                     ORDER

11           Finding good cause, and that the Clark County Treasurer is not opposed (ECF No. 165),

12   it is ordered that the United States of America's Motion to Prevent Clark County Treasurer

13   from a Tax Sale of 6116 Chinook Way, Las Vegas, Nevada 89108 [ECF No. 154] is granted.

14           It is further ordered that the tax sale be limited to the pendency of this case so that the

15   Clark County Treasurer is not prohibited from ever selling this property via tax sale should

16   future owners' default on their property taxes.

17

18

19                                     Cristina D. Silva
                                       United States District Judge
20

                                       Dated:   August 5, 2024
21

22

23

24

25

26

27

28

JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-CR-142-CDS-DJA |
| Plaintiff | **Index of Exhibits** |
| v. | |
| MEELAD DEZFOOLI, | |
| Defendant | |

Exhibit E................... Treasurer's Certificate for Holding Delinquent Real Property Parcel, Delinquent Taxes for Fiscal Year 2020-2021

Exhibit F................................. Recorded Certified Copy of Lis Pendens for 6116 Chinook

Exhibit E – Treasurer's Certificate for Holding Delinquent Real Property Parcel, Delinquent Taxes for Fiscal Year 2020-2021

Exhibit E – Treasurer's Certificate for Holding Delinquent Real Property Parcel, Delinquent Taxes for Fiscal Year 2020-2021

Inst #: 20211223-0003472
Fees: $0.00
12/23/2021 01:58:03 PM
Receipt #: 4829794
Requestor:
TREASURER CLARK COUNTY
Recorded By: CABOW  Pgs: 1

**Debbie Conway**

**CLARK COUNTY RECORDER**
Src: MAIL
Ofc: MAIN OFFICE

APN: **138-26-615-070**

When Recorded Mail to:

SANAM LIMITED
1714 TALON AVE
HENDERSON NV 89074

**OFFICE OF THE TREASURER AND EX-OFFICIO
TAX RECEIVER OF CLARK COUNTY, STATE OF NEVADA**

**TREASURER'S CERTIFICATE FOR HOLDING
DELINQUENT REAL PROPERTY PARCEL**

### DELINQUENT TAXES FOR THE FISCAL YEAR 2020-2021

I, Laura B. Fitzpatrick, the Ex-Officio Tax Receiver of the County of Clark, State of Nevada, pursuant to Nevada Revised Statutes (NRS) 361.570, do hereby issue to Laura B. Fitzpatrick, the Treasurer of Clark County, as Trustee for the State and County, a certificate for the below listed real property.

PARCEL NUMBER:          138-26-615-070
OWNER:                  SANAM LIMITED
ASSESSOR DESCRIPTION: RAINBOW VISTA #1 LEWIS HOMES PLAT BOOK 30 PAGE 41 LOT 24 BLOCK C

| | |
|---|---:|
| Taxes | $1,055.97 |
| Penalty | $158.58 |
| Interest | $66.06 |
| Cost | $9.00 |
| Total | $1,289.61 |

A certificate is issued for this property on which all or a portion of the real property taxes levied for fiscal year 2020-2021 had not been paid by 5:30 p.m. on the first Monday in June, i.e. the 7th day of June 2021. The certificate authorizes the County Treasurer to hold the property for the period of two (2) years after the first Monday in June, unless sooner redeemed by payment of the taxes and accruing taxes, penalties and costs, together with interest on the taxes at the rate of ten percent (10%) per annum from the date due until paid. However, pursuant to NRS 361.570.3b, a property determined to be abandoned may be redeemed within one year after the date of the certificate.

The title to the property if not redeemed by the expiration of the period of redemption will vest in the County for the benefit of the State and County.

LAURA B. FITZPATRICK, Treasurer
Ex-Officio Tax Receiver
Clark County, NV

BY _____
J. KEN DIAZ, Assistant Treasurer

BY _____
MICHELLE MITCHELL, Deputy

Exhibit F – Recorded Certified Copy of Lis Pendens for 6116 Chinook

Exhibit F – Recorded Certified Copy of Lis Pendens for 6116 Chinook

Inst #: 202207 12-0002081

Fees: $42.00
07/12/2022 02:45:13 PM
Receipt #: 5052303
Requestor:
UNITED STATES ATTORNEYS O
Recorded By: SCHIABLE  Pgs: 3
**Debbie Conway**
**CLARK COUNTY RECORDER**
Src: FRONT COUNTER
Ofc: MAIN OFFICE

## RECORDING COVER PAGE

(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

APN# *138 - 26 - 615 - 070*

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

### TITLE OF DOCUMENT
**(DO NOT Abbreviate)**

*LIS PENDENS*

_____

_____

_____

**Document Title on cover page must appear EXACTLY as the first page of the document
to be recorded.**

**RECORDING REQUESTED BY:**

*UNITED STATES ATTORNEY'S OFFICE - DISTRICT OF NEVADA*

**RETURN TO: Name** *ARLETTE LEE*

   **Address** *110 NORTH CITY PARKWAY*

   **City/State/Zip** *LAS VEGAS, NV 89106*

**MAIL TAX STATEMENT TO: (Applicable to documents transferring real property)**

   **Name**_____

   **Address**_____

   **City/State/Zip**_____

This page provides additional information required by NRS 111.312 Sections 1-2.
To print this document properly, do not use page scaling.
P:\Common\Forms & Notices\Cover Page Template Oct2017

_____ FILED            _____ RECEIVED
_____ ENTERED          _____ SERVED ON
                       COUNSEL/PARTIES OF RECORD

JUL 1 2 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

1   JASON M. FRIERSON
    United States Attorney
2   Nevada Bar Number 7709
    ERIC SCHMALE
3   Assistant United States Attorney
    501 Las Vegas Boulevard South, Suite 1100
4   Las Vegas, Nevada 89101
    Telephone: (702) 388-6336
5   Email: eric.schmale@usdoj.gov

6   DEBORAH CONNOR
    Chief, Money Laundering and Asset Recovery Section
7   Criminal Division, U.S. Department of Justice
    D. ZACHARY ADAMS
8   Trial Attorney
    1400 New York Ave NW
9   Washington, D.C. 20005
    Telephone: (202) 514-1263
10  Email: david.zachary.adams@usdoj.gov

11  *Attorneys for the United States*

12                  UNITED STATES DISTRICT COURT

13                       DISTRICT OF NEVADA

14  UNITED STATES OF AMERICA,          2:22-CR-142-RFB-DJA

15              Plaintiff,             **Lis Pendens**

16         v.

17  MEELAD DEZFOOLI,

18              Defendant.
    6116 CHINOOK WAY, LAS VEGAS,
19  NEVADA, 89108, MORE
    PARTICULARLY DESCRIBED AS:

20
    LOT TWENTY-FOUR (24) IN BLOCK C
21  OF LEWIS HOMES RAINBOW VISTA
    UNIT NO. 1, AS SHOWN BY MAP
22  THEREOF ON FILE IN BOOK 30 OF
    PLATS, PAGE 41, AND AS AMENDED
23  BY A CERTIFICATE OF AMENDMENT
    RECORDED AUGUST 2, 1985 IN BOOK
24  2159 AS DOCUMENT NO. 2118935, IN
    THE OFFICE OF THE COUNTY
25  RECORDER OF CLARK COUNTY,
    NEVADA; TOGETHER WITH ALL
26  IMPROVEMENTS AND
    APPURTENANCES THEREON, APN:
27  138-26-615-070.

28  / / /

1    NOTICE IS HEREBY GIVEN that an action has been commenced in the above-

2  entitled Court on Criminal Indictment of the United States of America to secure the judicial

3  forfeiture of the real property known as 6116 Chinook Way, Las Vegas, Nevada 89108,

4  more particularly described as:

5    LOT TWENTY-FOUR (24) IN BLOCK C OF LEWIS HOMES RAINBOW
     VISTA UNIT NO. 1, AS SHOWN BY MAP THEREOF ON FILE IN
6    BOOK 30 OF PLATS, PAGE 41, AND AS AMENDED BY A
     CERTIFICATE OF AMENDMENT RECORDED AUGUST 2, 1985 IN
7    BOOK 2159 AS DOCUMENT NO. 2118935, IN THE OFFICE OF THE
     COUNTY RECORDER OF CLARK COUNTY, NEVADA; TOGETHER
8    WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON,
     APN: 138-26-615-070.
9

10  to the United States of America under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c), 18

11  U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), and 18 U.S.C. §

12  982(a)(2)(A) for violations of 18 U.S.C. §§ 1344, 1956(a)(1)(B)(i), and 1957.

13    Dated: July __, 2022.

14                                    Respectfully submitted,

15                                    JASON M. FRIERSON
                                      United States Attorney
16

17                                    D. ZACHARY ADAMS
                                      Trial Attorney
18

19  STATE OF NEVADA    )
                       ) ss
20  COUNTY OF CLARK    )

21  On this 12 day of July , 2022, D. ZACHARY ADAMS, a person
    personally known to me or proven to me by satisfactory evidence, appeared before
22  me, a Notary Public, and executed the foregoing Lis Pendens in my presence.

23

24  NOTARY PUBLIC

25

26

27

28

                            I hereby attest and certify on 7/12/22
                            that the foregoing document is a full, true
                            and correct copy of the original on file in my
                            legal custody.
                    2
                            CLERK, U.S. DISTRICT COURT
                            DISTRICT OF NEVADA

                            By _____ Deputy Clerk



MICHAEL GARTH
NOTARY PUBLIC
STATE OF NEVADA
APPT. NO. 15-1824-1
MY APPT. EXPIRES MAY 24, 2023