UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| United States of America, | Case No. 2:22-cr-00142-CDS-DJA |
|---|---|
| Plaintiff | **Order Resolving Government's Motions in Limine** |
| v. | |
| Meelad Dezfooli, | [ECF No. 208] |
| Defendant | |

Meelad Dezfooli is charged in a superseding indictment with bank fraud and related charges. *See* Superseding indictment, ECF No. 97. This matter is set for jury trial commencing Monday, August 26, 2024. Mins. from calendar call, ECF No. 216. On August 18, 2024, the United States filed a consolidated motions in limine (Mot., ECF No. 208), which Dezfooli opposes in part (Opp'n, ECF No. 219). The motions are resolved as follows.

I.  Discussion

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Still, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Rather, unless the proffered evidence is clearly inadmissible for any purpose, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. *See Hays v. Clark Cnty. Nev.*, 2008 WL 2372295, at * 7 (D. Nev. June 6, 2008).

Further, rulings on motions in limine are provisional and, therefore, "not binding on the trial judge [who] may always change [their] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Accordingly, during the trial, the court will entertain objections on

individual proffers as they arise, even though the proffer falls within the scope of a denied or granted motion in limine. *See Luce v. United States*, 469 U.S. 38, 41 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). With that criterion in mind, the court addresses each motion in turn.

### A. Government's motion in limine (MIL No. 1) to admit tax records concern Dezfooli and his businesses is granted.

The government proffers that it intends "to offer as exhibits tax returns, other tax records, and proof of lack of tax records for the defendant's three entities that received PPP loans—Best Floors Limited, A-Series LLC, and Nevada Sales Limited—for tax years 2018 through 2022" and "to offer as exhibits tax returns, other tax records, and proof of lack of tax records for Sanam Limited, the defendant's real estate company, as well as an individual return(s) that the defendant himself filed, also for tax years 2018 through 2022." ECF No. 208 at 7. The government argues that the tax returns, other tax records, and proof of lack of tax records are relevant "to show the falsity of defendant's statements, his intent to defraud, and his knowledge of the scheme and his false claims." *Id.* at 8. Dezfooli argues that under Federal Rule of Evidence 403, I should exclude the records because he is not charged with federal tax crimes and that his personal tax history "has no bearing on whether he participated in the bank fraud scheme alleged in the Superseding Indictment." ECF No. 219 at 2–3. He further argues that the court should refrain from admitting Dezfooli's tax records, asserting such records are amongst "the most private of non-intimate information about him." *Id.* at 3.

Relevant evidence is generally admissible. Fed. R. Evid. 402. It may be excluded, however, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Based on the arguments proffered by the government, the tax records are relevant to the charges alleged in the superseding

indictment and intrusion into Dezfooli's personal tax history does not substantially outweigh the probative value of the records. Accordingly, government's MIL No. 1 is granted.

### B. Government's second motion in limine (MIL No. 2) seeking exclusion of argument that the victim-lenders were negligent is granted.

The government argues that the court should exclude any evidence or argument concerning the victim-lenders' alleged negligence or negligent disregard of relevant information pursuant to Federal Rules of Evidence 401, 402, and 403. *See* ECF No. 208 at 14–15. Recognizing the binding authority in *United States v. Lindsey*, 850 F.3d 1009 (9th Cir. 2017), Dezfooli does not oppose the motion. ECF No. 219 at 4. He notes, however, that he does intend to advance a "negligence" argument, but that it is his intention to examine lender-witnesses' efforts to determine or identify who submitted the loan applications in question. ECF No. 219 at 4.

Dezfooli does not oppose the motion, except for the above caveat, so the government's MIL No. 2 is granted. However, because identity is an essential part of any criminal trial, Dezfooli is permitted to cross-examine witnesses regarding their efforts to identify who was submitting the loan applications the government argues were fraudulently submitted by Dezfooli. *See United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir. 1995) ("Identification of the defendant as the person who committed the charged crime is always an essential element . . . . Identification can be inferred from all the facts and circumstances that are in evidence.") (internal quotation marks omitted); *see also United States v. Fenster*, 449 F. Supp. 435, 439 (E.D. Mich. 1978) ("It is axiomatic that an element to be proved in every case is that the person who stands before the court in the position of defendant is the one whom the indictment or information accuses and to whom the evidence is supposed to relate.").

### C. Government's third motion in limine (MIL No. 3) to exclude and argument that SBA loan guarantees made any misrepresentation by Dezfooli immaterial is granted.

Like its second motion in limine, the government moves to preclude any argument or evidence from Dezfooli that his "lies on his PPP applications were immaterial" because of the guarantees from the SBA to PPP lenders, and because there were no losses to the bank. ECF No. 208 at 15. The government argues that whether a lender suffered losses as result of the defendant's fraudulent PPP applications is irrelevant. *Id.* (citing *United States v. Blixt*, 548 F.3d 882, 889 (9th Cir. 2008) and *United States v. Perkins*, 2023 WL 7336489, at *4 (M.D. Pa. Nov. 7, 2023)). Dezfooli responds that he has no intention of presenting the sort of evidence or argument the government seeks to exclude by way of this motion in limine. ECF No. 219 at 4. However, Dezfooli contends he reserves the right "to argue that alleged false statements put forth in the Government's case were not material for purposes of proving his guilt under the objective standard for reasons other than the fact that the lenders operated with Small Business Administration guarantees and were not likely to lose money" arguing that such argument is a "material element" and "a major part of the Government's burden of proof." *Id.*

With no opposition thereto, the government's MIL No. 3 is granted. And the court will permit Dezfooli to argue that the alleged false statements in the applications were not material, as that is related to the government's burden to prove beyond a reasonable doubt that Dezfooli's scheme was "one to deceive [the victim] and deprive [the victim] of something of value." *United States v. Yates*, 16 F.4th 256, 263 (9th Cir. 2021) (quoting *Shaw v. United States*, 580 U.S. 63, 72 (2016)). As the Ninth Circuit held in the *Lindsey* case, "evidence of the lending standards generally present in the industry" is relevant and admissible in determining the materiality of the false statement and whether the defendant intended to influence a bank. 850 F.3d at 1018.

But Dezfooli is *not* permitted to argue that the SBA's guarantees regarding PPP loans meant that the lenders were not likely to lose money. *See Shaw*, 580 U.S. at 67–68 (holding it was

"sufficient" that the victim-bank was "deprived of its right" to use of the property, even if it ultimately did not suffer unreimbursed loss"); *see also Loughrin v. United States*, 573 U.S. 351, 366 n.9 (2014) (the bank fraud statute does not require the government to prove that the defendant's scheme created a risk of financial loss to the bank); *Porcelli v. United States*, 404 F.3d 157, 162 (2d Cir. 2005)) (analyzing the mail fraud statute and confirming that a defendant "does not need to literally 'obtain' money or property to violate a mail fraud statute because that statute criminalizes the intent to deprive another of property by scheme or artifice to defraud."[1]).

A case out of the Middle District of Florida is instructive as to why any argument that the victim-lenders were not likely to lose money is impermissible. In *United States v. Crowther*, the defendant was convicted at trial of bank fraud and other offenses related to his applying for and receiving a federally guaranteed bank loan under the Paycheck Protection Program of the CARES Act. 2021 U.S. Dist. LEXIS 116600, at *4 (M.D. Fla. June 23, 2021) *aff'd by* 2023 U.S. App. LEXIS 13865 (11th Cir. June 5, 2023) (per curiam). Crowther argued that he had given "the bank exactly what it bargained for, i.e., a promissory note on a performing loan for which the first payment has not yet come due, and (2) the bank does not consider itself a victim." *Id.* The Court found that the evidence presented at trial, that is that defendant (1) used false and fraudulent representations to obtain a low interest loan from the bank he otherwise would not have been able to obtain, (2) used the loan for personal expenditures, and (3) attempted to hide his actions, was sufficient for the jury to conclude that the defendant acted with intent to defraud. *Id.*, at *4–5. As a result, the motion for judgment of acquittal was denied. *Id.* at *4. In denying the motion, the court explained that the bank not considering itself a victim or not suffering a financial loss "[was] not dispositive." *Id.*, at *5 (citing *United States v. Estapa*, 998 F.3d 898 (11th Cir. 2021); *United States v. Maxwell*, 579 F.3d 1282, 1302 (11th Cir. 2009)).

---

[1] Dezfooli is charged with violated 18 U.S.C. § 1344(d), which like mail fraud in the *Porcelli* case, criminalizes a scheme or plan to obtain money or property from a financial institution by making false statements or promises. *See* Superseding indictment, ECF No. 97 at 1–14.

Just like it is not dispositive that the victim-lender did not consider itself a victim, it is not dispositive, material, or relevant, that the victim-lenders were not likely to lose money because of Dezfooli's alleged fraudulent loan applications. *See Lindsey*, 850 F.3d at 1015. Indeed, the Ninth Circuit has long held that "[t]he element of materiality is evaluated under an objective test, in which we must examine 'the intrinsic capabilities of the false statement itself, rather than the **possibility of the actual attainment of its end**.'" *Id.* at 1014 (citing *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008) (internal quotation marks omitted) (emphasis added))). Thus, whether the victim-lender could have or would have lost money because of Dezfooli's alleged fraudulent applications is neither material nor relevant, so Dezfooli is precluded from asserting this argument or evidence to the jury. Accordingly, the government's MIL No. 3 is granted as set forth in this order.

### D. Government's fourth motion in limine (MIL No. 4) to exclude and argument regarding profits by the victim-lenders is granted.

Dezfooli does not oppose this motion, *see* ECF No. 219 at 5–6, so government's MIL No. 4 is granted.

### E. Government's fifth motion in limine (MIL No. 5) to exclude and argument regarding profits by the victim-lenders is deferred.

The government seeks to preclude Dezfooli from presenting evidence or argument suggesting that he sold the property in Count Ten with the blessing of a U.S. Pretrial Services Officer, arguing such evidence is irrelevant, fails the Rule 403 balancing test, and constitutes inadmissible hearsay. ECF No. 208 at 18–28. Dezfooli opposes the motion. ECF No. 219 at 5–7. Therein, he concedes that the evidence the government seeks to preclude would be introduced in connection to the property identified in Count Ten. *Id.* at 5. He argues, however, that the government's motion is an "overly detailed analysis of general principles" regarding potential defenses Dezfooli might present. *See* ECF No. 219 at 5–6. His opposition states he is not intending to present a public authority defense, is not arguing entrapment by estoppel, and will not offer the

statement from the pretrial services officer for the truth of the matter asserted. *Id.* Dezfooli argues the government will have to prove he had the requisite state of mind at the time of the alleged unlawful transaction set forth in Count Ten, and that he has a constitutional right as part of his defense to present the pretrial officer's statements, not for the truth of the matter asserted, but for the effect on the listener. *Id.* at 6. Thus, he argues "hearsay rules notwithstanding," he retains "[his] right to testify (should he choose to do so) about the conversations with the Pretrial Services Officer and their effect on his state of mind." *Id.*

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." *United States v. Orm Hieng*, 679 F.3d 1131, 1141 (9th Cir. 2012) (citing Fed. R. Evid. 801(c)). Dezfooli argues the pretrial officer's statements are not hearsay because he will not offer them for the truth of the matter asserted but for the effect the statements had on him. *See United States v. Lopez*, 185 F.3d 870 (9th Cir. 1999) ("An out-of-court statement offered to show the effect on the listener, rather than the truth of the matter asserted, is not hearsay") (citing *United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991)). Because the trial has yet to commence and it is unclear if Dezfooli plans to exercise his right to testify, the court defers ruling on this motion in limine. Because this issue is deferred until trial, Dezfooli is precluded from introducing this evidence during his opening statement. Further, if he intends to attempt to introduce the pretrial services officer's statements during his case-in-chief, he must first notify the court so it can make a proper analysis at that time, as well as address any objections thereto. Accordingly, the government's MIL No. 5 is deferred.

## II. Conclusion

IT IS HEREBY ORDERED that government's motion in limine 1 is GRANTED.

IT IS FURTHER ORDERED that government's motion in limine 2 is GRANTED with instructions, as set forth in this order.

7

IT IS FURTHER ORDERED that government's motion in limine 3 is GRANTED with instructions, as set forth in this order.

IT IS FURTHER ORDERED that government's motion in limine 4 is GRANTED.

IT IS FURTHER ORDERED that government's motion in limine 5 is deferred until trial, as set forth in this order.

Dated: August 24, 2024

_____
Cristina D. Silva
United States District Judge