**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-CR-00142-CDS-DJA |
| Plaintiff | **Preliminary Order of Forfeiture** |
| v. | |
| MEELAD DEZFOOLI, | |
| Defendant | |

This Court finds Meelad Dezfooli was found guilty of Counts One through Ten of a Ten-Count Superseding Criminal Indictment charging him in Counts One through Three with bank fraud in violation of 18 U.S.C. § 1344(2); in Counts Four through Six with concealment money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and in Counts Seven through Ten with monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957. Superseding Criminal Indictment, ECF No. 97; Minutes of Jury Trial Day 7, ECF No. 239; Jury Verdict, ECF No. 243.

The Jury found, under Fed. R. Crim. P. 32.2(b)(1), (b)(2), and (b)(5), the United States of America has shown the requisite nexus between property set forth in the Forfeiture Allegations of the Superseding Criminal Indictment and the offenses to which Meelad Dezfooli was found guilty. Superseding Criminal Indictment, ECF No. 97; Minutes of Jury Trial Day 7, ECF No. 239; Minutes of Jury Trial Day 8, ECF No. 240; Jury Verdict, ECF No. 243; Forfeiture Jury Instructions and Special Verdict Forms, ECF No. 246.

The following property and money judgments are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1344, or a conspiracy to commit such offenses; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1344, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to

commit such offenses; (3) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of 18 U.S.C. § 1344, or a conspiracy to violate such offenses, affecting financial institutions; (4) any property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957, or any property traceable to such property; (5) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses; and (6) any property, real or personal, involved in violations of §§ 1956(a)(1)(B)(i) and 1957, or any property traceable to such property and are subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c), 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), 18 U.S.C. § 982(a)(2)(A), and 21 U.S.C. § 853(p):

1. 2021 Bentley Flying Spur W12 (VIN SCBBB6ZG5MC084930);

2. 2021 Tesla Model 3 (VIN 5YJ3E1EA7MF019125);

3. Real property located at 6116 Chinook Way, Las Vegas, Nevada 89108, more particularly described as:

LOT TWENTY-FOUR (24) IN BLOCK C OF LEWIS HOMES RAINBOW VISTA UNIT NO. 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 30 OF PLATS, PAGE 41 AND AS AMENDED BY A CERTIFICATE OF AMENDMENT RECORDED AUGUST 2, 1985 IN BOOK 2159 AS DOCUMENT NO. 2118935, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA. (APN:138-26-615-070);

4. Real property located at 1829 La Calera Ave., North Las Vegas, Nevada 89084, more particularly described as:

LOT FIFTY-FIVE (55) OF ELDORADO R1 – 60 NO. 13 TM NO. 21, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 123 OF PLATS, PAGE 42 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA. (APN:124-21-314-055);

5. Real property located at 6033 Watermelon Street, North Las Vegas, Nevada, 89081, more particularly described as:

LOT TWENTY-SIX (26) OF FINAL MAP OF TROPICAL / WALNUT – UNIT 1 (A COMMON INTEREST COMMUNITY) AS SHOWN BY MAP THEREOF ON FILE

IN BOOK 121 OF PLATS, PAGE 53, IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. (APN: 123-30-610-026);

6. Real property located at 176 Glen Falls Ave, Henderson, Nevada, 89002, more particularly described as:

LOT 17 IN BLOCK "C" OF PARADISE HILLS NO. 16, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 97 OF PLATS, PAGE 8, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA. EXCEPTING THEREFROM ALL MINERALS, OIL, GAS PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND ALL GEOTHERMAL ENERGY SOURCES IN OR UNDER OR WHICH MAY BE PRODUCED FROM THE WITHIN-DESCRIBED LAND WHICH LIE BELOW A PLANE PARALLEL TO AND FIVE HUNDRED (500) FEET BELOW THE SURFACE OF THE WITHIN-DESCRIBED LAND, FOR THE PURPOSE OF PROSPECTING, EXPLORATION, DEVELOPMENT, PRODUCTION, OR EXTRACTION OF SAID SUBSTANCES BY MEANS OF MINES, WELLS, DERRICKS, AND/OR OTHER EQUIPMENT; PROVIDED, HOWEVER, THAT THE OWNER OF SAID SUBSTANCES SHALL HAVE NO RIGHT TO ENTER THE SURFACE OF THE WITHIN-DESCRIBED LAND NOR TO USE SAID LAND ABOVE SAID PLANE PARALLEL TO AND FIVE HUNDRED (500) FEET BELOW THE SURFACE OF SUCH LAND. (APN: 179-31-212-022); and

7. Real property located at 890 Harbor Ave., Henderson, Nevada, 89002, more particularly described as:

LOT 374 OF PEARL CREEK – UNIT NO. 2, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 149 OF PLATS, PAGE 4, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK, COUNTY, NEVADA. (APN: 179-28-814-060)

(all of which constitutes property),

and in personam criminal forfeiture money judgments of $11,231,186.52 for bank fraud, $2,303,872.56 for concealment money laundering, and $965,276.11 for monetary transactions in criminally derived property, the collected money judgment amount is not to exceed $11,231,186.52, and that the property will be applied toward the payment of the money judgments under Ninth Circuit case law, forfeiture statutes, and Fed. R. Crim. P. 32.2(b)(2)(A).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgments comply with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Meelad Dezfooli in personam criminal forfeiture money judgments of $11,231,186.52 for bank fraud, $2,303,872.56 for concealment money laundering, and $965,276.11 for monetary transactions in criminally derived property, and the collected money judgment amount is not to exceed $11,231,186.52.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Meelad Dezfooli in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6). Notice is served on any individual or entity on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail under Fed. R. Crim. P. 32.2(b)(6)(D) and Supplemental Rule G(4)(b)(iii)-(v).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the forfeited property must file a petition for a hearing to

adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, within thirty (30) days of the final publication of notice on the official internet government forfeiture site, www.forfeiture.gov, or his receipt of written notice, whichever is earlier.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> Misty L. Dante
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

Dated: September 9, 2024

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE