# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00142-CDS-DJA |
|---|---|
| Plaintiff | **Order Granting United States of America's Motion for an Interlocutory Order Sale of 1829 La Calera Avenue, North Las Vegas, Nevada 89084** |
| v. | |
| MEELAD DEZFOOLI, | [ECF No. 132] |
| Defendant | |

The United States moves this Court to issue an Order for an Interlocutory Sale of the real property held in the name of Sanam Limited, which was transferred to the care of the Trustee for the Clark County Treasurer, located at 1829 La Calera Ave, North Las Vegas, Nevada 89084 (1829 La Calera),[1] which is subject to criminal forfeiture.[2] Meelad Dezfooli identified himself as the sole owner of Sanam Limited.[3]

The grounds for granting the Order for an Interlocutory Sale of 1829 La Calera are as follows. First, 1829 La Calera is subject to taxes, its fees, and HOA fees, and the granting of an interlocutory sale will stop the accruing of taxes, its fees, and HOA fees against its value.

---

[1] 1829 LA CALERA AVENUE, NORTH LAS VEGAS, NEVADA, 89084, MORE PARTICULARLY DESCRIBED AS:
LOT FIFTY-FIVE (55) OF ELDORADO R1-60 NO. 13 TM NO. 21, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 123 OF PLATS, PAGE 42, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA; TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 124-21-314-055 (property).
[2] Superseding Criminal Indictment (SCI), ECF No. 97.
[3] SCI, ECF No. 97, p. 2.

Second, granting an interlocutory sale will avoid accidents and liability accruing against 1829 La Calera. Third, this Court is authorized to approve interlocutory sales.

This Motion is made and is based on the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, and the attached Exhibit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

The government incorporates the facts of the Superseding Criminal Indictment and the Motion to Prevent Foreclosure of 1829 La Calera Ave.[4]

On or around May 22, 2020, Dezfooli, on behalf of Sanam Limited, purchased 1829 La Calera[5] with illegally obtained proceeds from his PPP scheme.[6]

On July 12, 2022, the United States filed Notices of Lis Pendens with this Court for all five real properties subject to forfeiture as identified in the Criminal Indictment: 6116 Chinook Way;[7] 6033 Watermelon Street, Las Vegas, Nevada, 89081;[8] 1829 La Calera Avenue, North Las Vegas, Nevada, 89084;[9] 890 Harbor Avenue, Henderson, Nevada 89002;[10] and 176 Glen Falls Avenue, Henderson, Nevada 89002.[11]

On December 12, 2023, a Ten-Count Superseding Criminal Indictment was returned charging Dezfooli with three counts of bank fraud in violation of 18 U.S.C. § 1344(2), three counts of concealment money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and four counts of monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957.[12]

---

[4] LR IA 10-3(a); SCI, ECF No. 97; Motion to Prevent HOA Eldorado Third Community Association's Default Foreclosure Sale of 1829 La Calera Avenue, North Las Vegas, Nevada, 89084 (Motion), ECF No. 60, pgs. 1-5; Exs. 3-1, 4-1, 4-2, 7-1 books 1-5 and property tracing, 11-1, 11-2, and 11-3.
[5] Motion, ECF No. 60, p. 4 and Exs. 3-1, 4-1, 4-2, 7-1 books 1-5 and property tracing, 11-1, 11-2, and 11-3.
[6] SCI, ECF No. 97, p. 16-19; *see* footnotes 4 and 5.
[7] Lis Pendens, ECF No. 8.
[8] Lis Pendens, ECF No. 9.
[9] Lis Pendens, ECF No. 10.
[10] Lis Pendens, ECF No. 11.
[11] Lis Pendens, ECF No. 12.
[12] SCI, ECF No. 97.

In the Superseding Criminal Indictment, forfeiture is alleged under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(2)(A) for Counts One through Three and identified 1829 La Calera, four other real properties, a 2021 Tesla, and a 2021 Bentley as forfeitable property, and a criminal forfeiture money judgment of at least $11.2 million.[13] At his arraignment, Dezfooli plead not guilty to all ten Counts;[14] a jury trial is currently set for August 26, 2024.[15]

On June 9, 2021, Clark County deeded the property to the treasury for unpaid taxes.[16] The Clark County Treasurer informed the United States that it will not proceed with selling the property until the United States' interests are resolved. As of April 2, 2024, Dezfooli owes $26,272.54, in past due property taxes.[17]

On June 8, 2022, the HOA recorded a notice of default and election to sell under notice of delinquent assessment lien.[18] On August 14, 2023, the United States filed a motion to prevent the HOA from foreclosing.[19] On October 31, 2023, the Court entered a minute order granting the motion to prevent the foreclosure.[20]

**II. ARGUMENT**

This Court has authority to issue the Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."[21]

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the

---

[13] *Id.,* p. 16-19.
[14] Initial Appearance/Arraignment & Plea, ECF No. 104.
[15] Order to Continue, ECF No. 131.
[16] Motion, ECF No. 60, Ex. A.
[17] Ex. C, Property Account Inquiry, Clark County Treasurer, attached hereto and incorporated as if fully set forth herein.
[18] Motion, ECF No. 60, Exs. A and B.
[19] Motion, ECF No. 60.
[20] Minute Order, ECF No. 76.
[21] Fed. R. Crim. P. 32.2(b)(7).

3

property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.[22]

Only one of the grounds for interlocutory sale is required since Supplemental Rule G(7)(b) is disjunctive.[23]

Two reasons for the interlocutory sale apply in this case regarding the property: (1) the property is subject to HOA fees, taxes, assessments, special assessment, late fees, interest, penalties, and their continual accrual against the real property's value and (2) the court finds other good cause, (a) stopping the accruing of all the HOA fees, taxes, assessments, late fees, interest, penalties, and the continual accrual of the fees against the real property's value and (b) avoiding accidents and liability accruing against the real property.[24] In *479 Tamarind Drive*,[25] the court granted the interlocutory sale because the property had "[m]ore than $40,437.55 in taxes… currently due… raising the risk that the County may move to impose a lien and thereby diminish the property's value to the Government should this forfeiture action succeed."[26] The La Calera property's value is decreasing rapidly. The County has already deeded the property for past due taxes and the HOA moved to foreclose due to unpaid fees.

The accruing HOA fees, taxes, assessments, special assessment, late fees, interest, and penalties are decreasing the property's equity. In *United States v. Fisch*,[27] the Interlocutory Sale was granted due to the accumulation of past due taxes.[28] In *Fisch*, the property was substitute property and was divisible with the defendant's wife.[29] Here the

---

[22] Supp. R. G(7)(b) (paragraphs omitted).
[23] *See Shelter Cove Marina, Ltd. v. M/Y ISABELLA,* No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, 2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive); *Cal. Yacht Marina-Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, 2 (S.D. Cal. Mar. 16, 2015) (explaining the same).
[24] Supplemental Rule G(7)(b); Fed. R. Crim. P. 32.2(b)(7); *See United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389–90 (10th Cir. 1997).
[25] *United States v. All Right, Title & Interest in Prop., Appurtenances, & Improvements Known as 479 Tamarind Drive, Hallendale, Fla.*, 98 CIV. 2279 DLC, 2012 WL 3886698, 2 (S.D.N.Y. Sept. 7, 2012).
[26] *Id.* at 2.
[27] *United States v. Fisch*, No. H-11-722, 2016 WL 4702588 (S.D. Tex. Sep. 8, 2016).
[28] *Id.* at 2.
[29] *Id.*

property was purchased with illegal proceeds and the whole amount is subject to forfeiture after the tax lien and fees are paid.

If an accident occurred on the property, that would rapidly decrease the property's equity. The government seeks to preserve as much of the equity as possible for the forfeiture proceedings.[30] The sale proceeds of the real property will be the "substitute res subject to forfeiture in place of the property that was sold[, and] the United States must maintain them in an interest-bearing account."[31]

"A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates."[32] The government recommends this Court authorize Doug Sawyer to sell the property under "28 U.S.C. §§ 2001, 2002, and 2004."[33]

**III. JUDICIAL SALES PROCEDURE**

If a court orders an interlocutory sale of property over the objection of any interested party, the sale must comply with the provisions of 28 U.S.C. §§ 2001 and 2002. These statutes provide procedural safeguards to ensure that court-ordered sales are made on terms that best preserve the parties' interests. Section 2001(a) authorizes public sales of property and sales by court-appointed receivers. Section 2001(b) permits private sales of property for cash or other consideration after a hearing of which notice to all interested parties shall be given by publication, or as otherwise directed by the court, and after the court finds that the best interests of the estate will be conserved thereby.

By this Motion, the United States requests authorization to proceed with a private sale of the above-listed property. Based upon the reasons set forth herein, the United States believes that a prompt sale of the property by the United States, followed promptly by releasing the proceeds to the United States affords the best protection to all concerned. The

---

[30] *United States v. Haley*, No. 11–CR–0540–WDQ, 2011 WL 6202787, 1 (D. Md. Dec. 8, 2011) (granting the interlocutory sale to avoid liability for accidents and to "avoid falling in arrears on the payment of applicable property taxes.").
[31] Supplemental Rule G(7)(b)(iv) (brackets added); *United States v. King*, No. 10 CR. 122 (JGK), 2010 WL 4739791, 4 (S.D.N.Y. Nov. 12, 2010).
[32] Supp. R. G(7)(b)(ii).
[33] Supp. R. G(7)(b)(iii).

United States believes that a private sale versus a public sale will allow the United States the discretion to sell the property in the most commercially feasible manner and maintain the most value for Dezfooli.

As required by 28 U.S.C. § 2001(b), notice of the Government's Motion must be given by publication or otherwise as this Court directs. The sale of the property through the multiple listing service and other major internet websites for real property meets the requirements of 18 U.S.C. §§ 2001, 2002, and 2004.

Under 28 U.S.C. § 2001(b), three disinterested persons must appraise the properties. To meet that requirement, the United States has obtained the following neutral appraisal estimates as of April 2, 2024:

1. Zillow.com for $550,700;
2. Realtor.com for $525,912; and
3. Redfin.com for $568,395.

**IV. CONCLUSION**

Based on the foregoing reasons, this Court should order the interlocutory sale of 1829 La Calera Avenue, North Las Vegas, Nevada 89084, and to authorize the United States Treasury to direct its contractor to designate a real estate broker or agent to sell it through one of the approved sale methods.

Dated: April 2, 2024.

Respectfully submitted,
JASON M. FRIERSON
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
Cristina D. Silva
United States District Judge

Dated: _September 10, 2024_

1  JASON M. FRIERSON
   United States Attorney
2  Nevada Bar No. 7709
   DANIEL D. HOLLINGSWORTH
3  Assistant United States Attorney
   Nevada Bar No. 1925
4  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
5  (702) 388-6336
   Daniel.Hollingsworth@usdoj.gov
6  Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

　　　　Plaintiff

v.

MEELAD DEZFOOLI,

　　　　Defendant

Case No. 2:22-cr-00142-CDS-DJA

**Index of Exhibits**

Exhibit C ............................................ Property Account Inquiry, Clark County Treasurer

Exhibit C – Property Account Inquiry, Clark County Treasurer

Exhibit C – Property Account Inquiry, Clark County Treasurer



# J. Ken Diaz
## Clark County Treasurer

Print 

# Property Account Inquiry - Summary Screen

| **New Search** | **View Cart** |
|---|---|
| Parcel ID | 124 21 314 055 | Tax Year | 2024 | District | 250 | Rate | 3 3544 |
| Situs Address | 1829 LA CALERA AVE NORTH LAS VEGAS |
| Legal Description | ASSESSOR DESCRIPTION  ELDORADO R1 60 #13 TM #21 PLAT BOOK 123 PAGE 42 LOT 55 GEOID  PT N2 SW4 SEC 21 19 61 |

| Status | | Property Characteristics | | Property Values | | Property Documents | |
|---|---|---|---|---|---|---|---|
| Active | | Tax Cap Increase Pct | 8 0 | Land | 42700 | 2020122200251 | 12/22/2020 |
| Taxable | | Tax Cap Limit Amount | 3993 75 | Improvements | 142131 | 2008091103182 | 9/11/2008 |
| Delinquent | | Tax Cap Reduction | 2206 22 | Total Assessed Value | 184831 | 2002030801983 | 3/8/2002 |
| | | | | Net Assessed Value | 184831 | | |
| | | Land Use | 1 10 Single Family Residential | Exemption Value New Construction | 0 | | |
| | | Cap Type | OTHER | New Construction Supp Value | 0 | | |
| | | Acreage | 0 1400 | | | | |
| | | Exemption Amount | 0 00 | | | | |

| Role | Name | Address | Since | To |
|---|---|---|---|---|
| Owner | SANAM LIMITED | C/O TRUSTEE CLARK COUNTY TREASURER 34 SANDWEDGE DR , HENDERSON, NV 89074 UNITED STATES | 10/4/2022 | Current |

**Summary**

| Item | Amount |
|---|---|
| Taxes as Assessed | $6,199 97 |
| Less Cap Reduction | $2,206 22 |
| Net Taxes | $3,993 75 |

**PAST AND CURRENT CHARGES DUE TODAY**

| Tax Year | Charge Category | Amount Due Today |
|---|---|---|
| 2024 | Property Tax Principal | $3,993.75 |
| 2024 | Las Vegas Artesian Basin | $3 03 |
| 2024 | Property Tax Penalty | $599.73 |
| 2024 | MAILING FEE | $2 00 |
| 2023 | Property Tax Principal | $3,697.92 |
| 2023 | Las Vegas Artesian Basin | $3 08 |
| 2023 | Property Tax Penalty | $555.34 |
| 2023 | Property Tax Interest | $539 82 |
| 2023 | Advertising Fee | $7.00 |
| 2023 | MAILING FEE | $2 00 |
| 2022 | Property Tax Principal | $3,424.00 |

| Tax Year | Charge Category | Amount |
|---|---|---|
| 2022 | Las Vegas Artesian Basin | $3 06 |
| 2022 | Property Tax Penalty | $514.26 |
| 2022 | Property Tax Interest | $842 57 |
| 2022 | Advertising Fee | $7.00 |
| 2022 | MAILING FEE | $2 00 |
| 2021 | Property Tax Principal | $3,179.20 |
| 2021 | Las Vegas Artesian Basin | $2 42 |
| 2021 | Property Tax Penalty | $477.44 |
| 2021 | Property Tax Interest | $1,100 38 |
| 2021 | Advertising Fee | $7.00 |
| 2021 | MAILING FEE | $14 00 |
| 2020 | Property Tax Principal | $3,086.60 |
| 2020 | Las Vegas Artesian Basin | $1 76 |
| 2020 | Property Tax Penalty | $463.40 |
| 2020 | Property Tax Interest | $1,376 94 |
| 2020 | Advertising Fee | $7.00 |
| 2020 | MAILING FEE | $2 00 |
| 2019 | Property Tax Principal | $1,472.62 |
| 2019 | Property Tax Penalty | $103 09 |
| 2019 | Property Tax Interest | $773.13 |
| 2019 | Advertising Fee | $7 00 |
| 2019 | MAILING FEE | $2.00 |
| **CURRENT AMOUNTS DUE as of 4/2/2024** | | **$26,272.54** |

**NEXT INSTALLMENT AMOUNTS**

| Tax Year | Charge Category | Installment Amount Due |
|---|---|---|
| **THERE IS NO NEXT INSTALLMENT AMOUNT DUE as of 4/2/2024** | | |

**TOTAL AMOUNTS DUE FOR ENTIRE TAX YEAR**

| Tax Year | Charge Category | Remaining Balance Due |
|---|---|---|
| 2024 | Property Tax Principal | $3,993 75 |
| 2024 | Las Vegas Artesian Basin | $3.03 |
| 2024 | Property Tax Penalty | $599 73 |
| 2024 | MAILING FEE | $2.00 |
| 2023 | Property Tax Principal | $3,697 92 |
| 2023 | Las Vegas Artesian Basin | $3.08 |
| 2023 | Property Tax Penalty | $555 34 |
| 2023 | Property Tax Interest | $539.82 |
| 2023 | Advertising Fee | $7 00 |
| 2023 | MAILING FEE | $2.00 |
| 2022 | Property Tax Principal | $3,424 00 |
| 2022 | Las Vegas Artesian Basin | $3.06 |
| 2022 | Property Tax Penalty | $514 26 |
| 2022 | Property Tax Interest | $842.57 |
| 2022 | Advertising Fee | $7 00 |
| 2022 | MAILING FEE | $2.00 |
| 2021 | Property Tax Principal | $3,179 20 |
| 2021 | Las Vegas Artesian Basin | $2.42 |
| 2021 | Property Tax Penalty | $477 44 |
| 2021 | Property Tax Interest | $1,100.38 |
| 2021 | Advertising Fee | $7 00 |
| 2021 | MAILING FEE | $14.00 |
| 2020 | Property Tax Principal | $3,086 60 |
| 2020 | Las Vegas Artesian Basin | $1.76 |
| 2020 | Property Tax Penalty | $463 40 |
| 2020 | Property Tax Interest | $1,376.94 |
| 2020 | Advertising Fee | $7 00 |

| Year | Description | Amount |
|---|---|---|
| 2020 | MAILING FEE | $2.00 |
| 2019 | Property Tax Principal | $1,472.62 |
| 2019 | Property Tax Penalty | $103.09 |
| 2019 | Property Tax Interest | $773.13 |
| 2019 | Advertising Fee | $7.00 |
| 2019 | MAILING FEE | $2.00 |
| **TAX YEAR TOTAL AMOUNTS DUE as of 4/2/2024** | | **$26,272.54** |

**PAYMENT HISTORY**

| | |
|---|---|
| Last Payment Amount | $736.31 |
| Last Payment Date | 10/5/2018 |
| Fiscal Tax Year Payments | $0.00 |
| Prior Calendar Year Payments | $0.00 |
| Current Calendar Year Payments | $0.00 |

[Make Payment]

Printable Page

**Click Here for Printable Page!**

| New Search | View Cart |
|---|---|