**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>v.<br><br>MEELAD DEZFOOLI,<br><br>　　　　Defendant | Case No. 2:22-cr-00142-CDS-DJA<br><br>**Order Granting United States of America's Motion to Prevent HOA Default Foreclosure Sale of 6033 Watermelon Street, North Las Vegas, Nevada 89081**<br><br>[ECF No. 134] |

　　　The United States moves this Court to issue an Order to prevent Cambria Colinas Homeowners Association (Cambria HOA) from proceeding with a HOA default foreclosure sale on 6033 Watermelon Street, North Las Vegas, Nevada 89081 (6033 Watermelon).[1] 21 U.S.C. § 853(k) prohibits Cambria HOA from foreclosing on the property because the government has alleged 6033 Watermelon is subject to forfeiture in the Superseding Criminal Indictment. The United States has authority to protect its forfeiture interest in 6033 Watermelon Street under 21 U.S.C. § 853(c) and 853(e)(1)(A). Accordingly, this Court should grant this Motion and issue the Order.

　　　This Motion is made and is based on the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and the attached Exhibit.[2]

---

[1] 6033 Watermelon Street, North Las Vegas, Nevada 89081 is more particularly described as: LOT TWENTY-SIX (26) OF FINAL MAP OF TROPICAL/WALNUT – UNIT 1 (A COMMON INTEREST COMMUNITY) AS SHOWN BY MAP THEREOF ON FILE IN BOOK 121 OF PLATS, PAGE 53, IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA; TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 123-30-610-026.

[2] All Exhibits are attached hereto and incorporated herein by reference as if fully set forth herein.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

The United States adopts and incorporates the facts stated in the Superseding Criminal Indictment and in Government's Motion to Prevent MTC Foreclosure Sale.[3]

Beginning on or around April 2020 and continuing until at least on or around March 2021, Meelad Dezfooli knowingly executed, and attempted to execute, a scheme to defraud and artifice to obtain money and property owned by, and under the custody and control of, financial institutions by means of materially false and fraudulent pretenses, representations, and promises. Dezfooli submitted fraudulent PPP loan applications and obtained approximately $11.2 million to unjustly enrich himself and others.[4]

On or around May 21, 2020, Dezfooli purchased 6033 Watermelon for $40,000 at a Trustee's Sale to be vested under the name of Sanam Limited, another entity formed by Dezfooli to further his scheme of PPP loan applications.[5] Dezfooli identified himself as the sole owner of Sanam Limited.[6]

On April 13, 2022, Cambria Colinas Homeowners Association (Cambria HOA) recorded a Notice of Default for 6033 Watermelon.[7] "No sale date will be set until ninety (90) days from the date of the notice of default," which was July 11, 2022. Since then, a default date or sale date has not been set or recorded. At that time, the past due amount of HOA fees was $3,786.60.[8]

On June 22, 2022, a Grand Jury returned an Eight-Count Criminal Indictment charging Dezfooli with bank fraud, concealment money laundering, and monetary

---

[3] LR IA 10-3(a); Superseding Criminal Indictment (SCI), ECF No. 97; Motion to Prevent MTC Foreclosure of 6033 Watermelon Street, North Las Vegas, NV 89081 (MTC Motion), ECF No. 95; MTC Motion Exhibits (Ex.), ECF No. 95-1, Exs. 1-1, 1-2, 2-1, 2-2a, 2-2b, 7-1 books 6-7 and Property Tracing, 12-1, and 12-2.
[4] SCI, ECF No. 97.
[5] SCI, ECF No. 97; MTC Motion Ex., ECF No. 95-1, Ex. 7-1, book Property Tracing, lines 280-293; Ex. 12-1 Trustee's Deed Upon Sale for 6033 Watermelon; Ex. 12-2 Sale Documents for 6033 Watermelon.
[6] SCI, ECF No. 97, p. 2.
[7] Exhibit D, Notice of Default and Election to Sell Under Notice of Delinquent Assessment Lien.
[8] *Id.*

transactions in criminally derived property.[9] On December 12, 2023, a Ten-Count Superseding Criminal Indictment was entered charging Dezfooli with three counts of bank fraud in violation of 18 U.S.C. § 1344(2), three counts of concealment money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and four counts of monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957.[10] Forfeiture is alleged under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1) and 982(a)(2)(A) and identified 6033 Watermelon, four other real properties, a 2021 Tesla, and a 2021 Bentley as forfeitable property, and criminal forfeiture money judgments of at least $11,231,186.52, $2,303,872.56, and $965,276.11.[11] At his arraignment, Dezfooli plead not guilty to all ten Counts.[12] A jury trial is currently set for August 26, 2024.[13]

On July 12, 2022, the United States filed Notices of Lis Pendens with this Court for all five real properties subject to forfeiture as identified in the Superseding Criminal Indictment: 6116 Chinook Way, Las Vegas, Nevada, 89108[14]; 6033 Watermelon Street, Las Vegas, Nevada, 89081;[15] 1829 La Calera Avenue, North Las Vegas, Nevada, 89084;[16] 890 Harbor Avenue, Henderson, Nevada 89002;[17] and 176 Glen Falls Avenue, Henderson, Nevada 89002.[18]

**II. ARGUMENT**

**A. This Court Has Authority to Prevent Cambria HOA from Advancing with a Homeowners Association Default Foreclosure Sale of 6033 Watermelon Under 21 U.S.C. § 853(k).**

When the grand jury returns a criminal indictment, the government is authorized to forfeit any of the defendant's property, "which constitutes or is derived from proceeds

///

---

[9] Criminal Indictment, ECF No. 1.
[10] SCI, ECF No. 97.
[11] *Id.*, p. 16-21.
[12] Court Minutes - Arraignment & Plea, ECF No. 104.
[13] Order to Continue, ECF No. 131.
[14] Lis Pendens, ECF No. 8.
[15] Lis Pendens, ECF No. 9.
[16] Lis Pendens, ECF No. 10.
[17] Lis Pendens, ECF No. 11.
[18] Lis Pendens, ECF No. 12.

3

traceable to [the crime], or a conspiracy to commit such offense[;]"[19] "constituting, or derived from, proceeds… obtained directly or indirectly, as the result of" the crime, "or a conspiracy to violate" such offense, "affecting a financial institution[;]"[20] "involved in a transaction or attempted transaction in violation of [the crime], or any property traceable to such property[;]"[21] or "involved in [the crime], or any property traceable to such property."[22]

To prevent third parties claiming an interest in forfeitable property from interfering with the orderly conduct of criminal cases, Congress prohibits third parties from commencing actions against the interest of the United States in forfeitable property after an indictment has been filed.

> Except as provided in subsection (n), no party claiming an interest in property subject to forfeiture under this section may - -
> ...
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.[23]

In *MacInnes*, the Ninth Circuit expressly held a foreclosure sale is "an action at law or equity against the United States in contravention of § 853(k)."[24] Under 21 U.S.C. § 853(c), (k), and (n), Cambria HOA's foreclosure sale against the government's interest in 6033 Watermelon, a forfeitable property, is an action against the United States, outside the confines of the exclusive ancillary procedure of § 853(n) and Fed. R. Crim. P. 32.2(c), and is, therefore, barred.[25]

/ / /

---

[19] 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) (brackets added).
[20] 18 U.S.C. § 982(a)(2)(A) (brackets and ellipsis added).
[21] 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c) (brackets added).
[22] 18 U.S.C. § 982(a)(1).
[23] 21 U.S.C. § 853(k)(2) (ellipses added).
[24] *United States v. MacInnes*, 223 F. App'x 549, 550, 553-54 (9th Cir. 2007) (per curiam) (citing *United States v. Phillips*, 185 F.3d 183,187-88 (4th Cir. 1999) (holding "the foreclosure action constituted 'an action at law or equity against the United States' and was statutorily barred under § 853(k)" quoting 21 U.S.C. § 853(k)); *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) (explaining third party cannot bring an action at law or equity) (citing 21 U.S.C. § 853(k)).
[25] *See Libretti v. United States*, 516 U.S. 29, 44 (1995) (When the government has forfeited property, third-party petitioners may "establish their entitlement to a return of the assets only by means of a hearing afforded under 21 U.S.C. § 853(n)."); *Lazarenko*, 476 F.3d at 646-48, 650, 652; *Phillips*, 185 F.3d at 187-88.

4

"Section 853(n) provides the process for vindicating a third party's interests in forfeited property. The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property."[26] Accordingly, when a property is identified as forfeitable in a criminal indictment, third parties are prohibited from foreclosing on that property.[27] A third party's only recourse is to petition the Court in the process identified in § 853(n) and Fed. R. Crim. P. 32.2(c).[28]

Cambria HOA could commence an HOA default foreclosure sale after July 11, 2022. However, § 853(k)(2) prevents the HOA from proceeding since 6033 Watermelon is identified as forfeitable property in the criminal indictment. Cambria HOA, a potential third-party who may have an interest in the property, is statutorily barred from foreclosing on the property.[29] Their only recourse is 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c).[30]

On December 9, 2023, the government filed a Motion to prevent the mortgage company, MTC, from foreclosing on 6033 Watermelon.[31] On January 24, 2024, this Court Ordered that "no foreclosure sale of the propert[y] located at … 6033 Watermelon Street, North Las Vegas, 89081 shall occur without explicit approval of this Court."[32]

/ / /

/ / /

---

[26] *Lazarenko*, 476 F.3d at 648 (explaining "a court adjudicates a third party's interest in the forfeited property in an ancillary proceeding after concluding the criminal case and entering a preliminary order of forfeiture."); Fed. R. Crim. P. 32.2(b) advisory committee's note (bracket added) ("[T]hird party interests in a criminally forfeited property are litigated by the court in the ancillary proceeding following the conclusion of the criminal case and the entry of a preliminary order of forfeiture."); 21 U.S.C. § 853(n); 18 U.S.C. § 1963(*l*).
[27] *MacInnes*, 223 F. App'x at 550, 553-54.
[28] *See Id.; Libretti*, 516 U.S. at 44 (When the government has forfeited property, third-party petitioners may "establish their entitlement to a return of the assets only by means of a hearing afforded under 21 U.S.C. § 853(n)."); Fed. R. Crim. P. 32.2(b) advisory committee's note (brackets added) ("[T]hird party interests in a criminally forfeited property are litigated by the court in the ancillary proceeding following the conclusion of the criminal case and the entry of a preliminary order of forfeiture."); 21 U.S.C. § 853(n); 18 U.S.C. § 1963(*l*); Fed. R. Crim. P. 32.2(c).
[29] *MacInnes*, 223 F. App'x at 550, 553-54.
[30] *See*; *Phillips*, 185 F.3d at 187-88; *In re America Basketball League, Inc.*, 317 B.R. 121, 129 (Bankr. N.D. Cal. 2004) ("Consistent with the plain language of the statute, the case law has uniformly found that § 853(k) imposes an absolute bar to actions that assert an interest in forfeitable property if they are commenced outside of the ancillary proceedings."); *Libretti*, 516 U.S. at 44; *Lazarenko*, 476 F.3d at 646-48; 650, 652.
[31] MTC Motion, ECF No. 95.
[32] Order, ECF No. 116 (brackets and ellipses added).

**B. The United States Has Authority to Protect its Forfeiture Interest in 6033 Watermelon Under 21 U.S.C. § 853(c) and 853(e)(1)(A).**

The United States has authority to seek the preservation of property for forfeiture. Under 21 U.S.C. § 853(c), the property "vests in the United States upon the commission of the act giving rise to [the] forfeiture…."[33] Under 21 U.S.C. § 853(e)(1)(A), "the court may…take any… action to preserve the availability of property… upon the filing of an indictment… charging a violation… for which criminal forfeiture may be ordered…."[34]

In *92 Buena Vista*, the Supreme Court determined that the "relation back" doctrine in 21 U.S.C. § 853(c) does not self-execute and the government does not become an owner until after forfeiture is decreed and title is retroactively vested.[35] Because the United States' interest in the property is not perfected until after forfeiture is decreed, the United States does not have a right to prematurely cut off the interests of potential third-parties.

Cambria HOA may have an interest in the property and the United States does not seek to bypass those interests. The United States requests this Court to prevent the HOA from selling the property, resulting in eliminating any potential recovery of forfeiture proceeds. The United States has alleged the 6033 Watermelon was purchased with illegal proceeds.[36] Once forfeiture is completed the property title will vest in the United States, but only if the property is still available. "The Government's interest in winning undiminished forfeiture thus includes the objective of returning property, in full, to those wrongfully deprived or defrauded of it."[37] Cambria HOA will have an opportunity to assert their interests in the property during the ancillary proceeding.[38]

---

[33] 21 U.S.C. § 853(c) (brackets added).
[34] 21 U.S.C. § 853(e)(1)(A) (ellipses added).
[35] *United States v. 92 Buena Vista Ave.*, 507 U.S. 111, 125-26 (1993). Buena Vista is discussing 21 U.S.C. § 881(h), which has similar vesting language to 21 U.S.C. § 853(c).
[36] *See* SCI, ECF No. 97; *See* MTC Motion, ECF No. 95.
[37] *Caplin & Drysdale v. United States*, 491 U.S. 617, 629 (1989); *United States v. Lillard*, 57 F.4th 729, 734-36 (9th Cir. 2023).
[38] Fed. R. Crim. P. 32.2(c); 21 U.S.C. § 853(n); *Libretti*, 516 U.S. at 44 (When the government has forfeited property, third-party petitioners may "establish their entitlement to a return of the assets only by means of a hearing afforded under 21 U.S.C. § 853(n)."); *United States v. Hooper*, 228 F.3d 818, 821 (9th Cir. 2000) (After the government forfeits property, third parties may assert a third-party petition with the court to litigate their interests.);

Under 21 U.S.C. § 853(e), the Court has the discretion to issue protective orders at the request of the government.[39] "Whatever discretion Congress gave the district courts in § 853(e) and 853(c), that discretion must be cabined by the purposes for which Congress created it: to preserve the availability of property for forfeiture."[40]

As it has done so before, this Court is authorized to prevent Cambria HOA's default proceedings and foreclosure sale of the property in order to preserve the United States' interests and rights to the property.

**III. CONCLUSION**

The United States identified 6033 Watermelon as forfeitable property upon the filing of a criminal indictment and has authority to protect its forfeiture interests under 21 U.S.C. § 853(c) and 853(e)(1)(A). Cambria HOA's default proceedings and foreclosure sale violates 21 U.S.C. § 853(k). Accordingly, this Court should enter an Order prohibiting Cambria HOA with the foreclosure sale of 6033 Watermelon Street, North Las Vegas, Nevada, 89081.

Dated: April 3, 2024.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

 /s/  Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
Cristina D. Silva
United States District Judge

Dated:  September 10, 2024

---

[39] *United States v. Crozier*, 777 F.2d 1376, 1382 (9th Cir. 1985).
[40] *United States v. Monsanto*, 491 U.S. 600, 613 (1989) (quotation marks and ellipsis omitted); *see United States v. 849 NW Wall Street, Bend, Oregon*, co7-359Z, 2008 U.S. Dist. Lexis 104313, 6-7 (W.D. Wash. December 17, 2008).

7

JASON M. FRIERSON
United States Attorney
Nevada Bar No.7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>v.<br><br>MEELAD DEZFOOLI,<br><br>  Defendant | Case No. 2:22-cr-00142-CDS-DJA<br><br>**Index of Exhibits** |

Exhibit D .......................................................... Cambria Colinas HOA Notice of Default

Exhibit D – Cambria Colinas HOA Notice of Default

Exhibit D – Cambria Colinas HOA Notice of Default

```
Inst #: 20220413-0000369
Fees: $42.00
04/13/2022 07:37:58 AM
Receipt #: 4958448
Requestor:
Real Property Support LLC
Recorded By: BGN   Pgs: 3
Debbie Conway
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD
```

When Recorded Mail To:

Cambria Colinas Homeowners Association
c/o Nevada Association Services, Inc.
6625 S. Valley View Blvd. Suite 300
Las Vegas, NV 89118
(702) 804-8885

APN: 123-30-610-026
TS No.: N85852
Property Address: 6033 Watermelon Street North Las Vegas, NV 89081

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER NOTICE OF DELINQUENT ASSESSMENT LIEN

### IMPORTANT NOTICE

**WARNING! IF YOU FAIL TO PAY THE AMOUNT SPECIFIED IN THIS NOTICE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE!**

IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS AND IT MAY BE SOLD WITHOUT ANY COURT ACTION. You have the legal right to bring your account in good standing by paying all amounts past due plus permitted costs and expenses within the time permitted by law for reinstatement of your account. No sale date may be set until ninety (90) days from the date this notice of default was mailed to you. This Notice of Default and Election to Sell Under Notice of Delinquent Assessment Lien will be mailed in compliance with Nevada law within 10 days after it is recorded.

| | |
|---|---:|
| Total Amount of Deficiency as of 4/12/2022: | $3,786.60 |
| Total Amount of Deficiency that is prior to first security interest as of 4/12/2022: | $1,617.00 |
| Amount of Priority Amount attributable to budgeted assessments as of 4/12/2022: | $252.00 |
| Amount of Priority attributable to costs of collection as of 4/12/2022: | $1,365.00 |
| Amount of Priority Amount attributable to amounts of NRS 116.310312 (if applicable) as of 4/12/2022: | $0.00 |

a) If the holder of the first security interest on the unit does not satisfy the amount of the association's lien that is prior to that first security interest pursuant to subsection 3 of NRS 116.3116, the association may foreclose its lien by sale and the sale may extinguish the first security interest as the to the unit, and

b) If, not later than 5 days before the date of the sale, the holder of the first security interest on the unit satisfies the amount of the association's lien that is prior to that first security interest pursuant to subsection 3 of NRS 116.3116 and, not later than 2 days before the date of the sale, a record of such satisfaction is recorded in the office of the recorder of the county in which the unit is located, the association may foreclose its lien by sale but the sale may not extinguish the first security interest as to the unit.

TS Number: N85852

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage, or as required under your Covenants, Conditions and Restrictions. If you fail to make future payments or pay other obligations as required under your Covenants, Conditions and Restrictions, Cambria Colinas Homeowners Association (the "Association") may insist that you do so in order to reinstate your account in good standing.

Upon your request, this office will mail you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and the Association may mutually agree in writing prior to the foreclosure sale to, among other things, 1) provide additional time in which to cure the default by transfer of the property or otherwise; 2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your Association permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your Association.

To find out about the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: Nevada Association Services, Inc. on behalf of Cambria Colinas Homeowners Association, 6625 S. Valley View Blvd. Suite 300, Las Vegas, NV 89118. The phone number is (702) 804-8885 or toll free at (888) 627-5544.

If you have any questions, you should contact a lawyer or the Association which maintains the right of assessment on your property. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

**NOTICE IS HEREBY GIVEN THAT NEVADA ASSOCIATION SERVICES, INC.**

is the duly appointed agent under the Notice of Delinquent Assessment Lien recorded on 6/24/2021 as Instrument No. 0000892 Book 20210624 in the official records of Clark County, Nevada; with the owner(s) as reflected on said lien being Sanam Limited; executed on behalf of Cambria Colinas Homeowners Association; and hereby declares that a breach of the obligation to pay assessments as secured by the Association's Covenants, Conditions and Restrictions has occurred, in that the payments have not been made of homeowner's assessments due from 4/1/2021 and all subsequent homeowner's assessments, monthly or otherwise, less credits and offsets, plus late charges, interest, trustee's fees and costs, attorney's fees and costs and Association fees and costs.

That by reason thereof, the Association has deposited with said agent such documents as the Covenants Conditions and Restrictions and documents evidencing the obligations secured thereby, and declares all sums secured thereby due and payable and elects to cause the property to be sold to satisfy the obligations.

Nevada Association Services, Inc. is a debt collector. Nevada Association Services, Inc. is attempting to collect a debt. Any information obtained will be used for that purpose.

Nevada Associations Services, Inc., whose address is 6625 S. Valley View Blvd. Suite 300, Las Vegas, NV 89118 is authorized by the association to enforce the lien by sale.

Legal Description: Unit No. , Lot 26, Tract No. TROPICAL WALNUT UNIT 1, Book No. 121 Page(s) 53, in the County of Clark, State of Nevada.

TS Number: N85852

DATE: April 12, 2022

_____
By: Katryna Harper on behalf of Nevada Association Services, Inc. as agent for Cambria Colinas Homeowners Association

STATE OF NEVADA
COUNTY OF CLARK

On 4/12/2022 before me, A Radley, a Notary Public, personally appeared Katryna Harper known or identified to me to be the person(s) whose name(s) are subscribed to the within instrument and acknowledged to me that he/she/they executed the same

IN WITNESS WHEREOF, I have set my hand and affixed my official seal the day and year first above written.

Signature_____(Seal)
A Radley, Notary Public

A. RADLEY
Notary Public-State of Nevada
APPT. NO. 15-2216-1
My Appt. Expires 07-08-2023

Nevada Association Services, Inc. is a debt collector. Nevada Association Services, Inc. is attempting to collect a debt. Any information obtained will be used for that purpose. Please be advised that this document constitutes neither a demand for payment of the referenced debt nor a notice of personal liability to any recipient hereof who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. This notice is being sent to any such parties merely to comply with applicable state law governing foreclosure of liens pursuant to Chapter 116 of Nevada Revised Statutes