**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00142-CDS-DJA |
| Plaintiff | **Order Granting United States of America's Motion for an Interlocutory Order of Sale of 6033 Watermelon Street, North Las Vegas, Nevada 89081** |
| v. | |
| MEELAD DEZFOOLI, | |
| Defendant | [ECF No. 135] |

The United States moves this Court to issue an Order for an Interlocutory Sale of real property in the name of Sanam Limited, located at 6033 Watermelon Street, North Las Vegas, Nevada 89081 (6033 Watermelon),[1] which is subject to forfeiture[2], and to authorize Doug Sawyer as the designated real estate agent to sell 6033 Watermelon. Meelad Dezfooli identified himself as the sole owner of Sanam Limited.[3]

The grounds for granting the Order for an Interlocutory Sale of 6033 Watermelon are as follows. First, 6033 Watermelon is subject to taxes, its fees, and HOA fees, and the granting of an interlocutory sale will stop the accruing of taxes, its fees, and HOA fees against its value. Second, granting an interlocutory sale will avoid accidents and liability accruing against the property. Third, 6033 Watermelon Street is in mortgage default and in

---

[1] 6033 Watermelon St., North Las Vegas, Nevada 89081, is more particularly described as:
   LOT TWENTY-SIX (26) OF FINAL MAP OF TROPICAL/WALNUT – UNIT 1 (A COMMON INTEREST COMMUNITY) AS SHOWN BY MAP THEREOF ON FILE IN BOOK 121 OF PLATS, PAGE 53, IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA; TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 123-30-610-026.
[2] Superseding Criminal Indictment (SCI), ECF No. 97.
[3] SCI, ECF No. 97, p. 2.

HOA default and was subject to foreclosure. Fourth, 6033 Watermelon Street was subject to litigation in bankruptcy court: *In re: Alfonso Nieto,* Bankruptcy Case No. 2:20-bk-13031-mkn and in *Alfonso Nieto vs. Sanam Limited et al.,* Bankruptcy Adversary Case No. 2:20-ap-01097, but the bankruptcy court lifted the stay to allow the creditors to foreclose on the property. Fifth, this Court is authorized to approve interlocutory sales.

This Motion is made and is based on the following Memorandum of Points and Authorities, the pleadings and papers on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

The United States adopts and incorporates the facts stated in the Superseding Criminal Indictment and in Government's Motion to Prevent MTC Foreclosure Sale.[4]

Beginning on or around April 2020 and continuing until at least on or around March 2021, Meelad Dezfooli knowingly executed, and attempted to execute, a scheme to defraud and artifice to obtain money and property owned by, and under the custody and control of, financial institutions by means of materially false and fraudulent pretenses, representations, and promises. Dezfooli submitted fraudulent PPP loan applications and obtained approximately $11.2 million to unjustly enrich himself and others.[5]

On or around May 21, 2020, Dezfooli, on behalf of Sanam Limited, purchased 6033 Watermelon.[6] The United States alleges the property was purchased with illegally obtained proceeds from his PPP scheme.[7]

On July 12, 2022, the United States filed Notices of Lis Pendens with this Court for all five real properties subject to forfeiture as identified in the Criminal Indictment: 6116 Chinook Way, Las Vegas, Nevada, 89108[8]; 6033 Watermelon Street, Las Vegas, Nevada,

---

[4] LR IA 10-3(a); SCI, ECF No. 97; Motion to Prevent MTC Foreclosure of 6033 Watermelon Street, North Las Vegas, NV 89081 (MTC Motion), ECF No. 95; MTC Motion Exhibits (Ex.), ECF No. 95-1, Exs. 1-1, 1-2, 2-1, 2-2a, 2-2b, 7-1 books 6-7 and Property Tracing, 12-1, and 12-2.
[5] SCI, ECF No. 97.
[6] MTC Motion, ECF No. 95, p. 1-6; MTC Motion Ex., ECF No. 95-1, Exs. 1-1, 1-2, 2-1, 2-2a, 2-2b, 7-1 books 6-7 and Property Tracing, 12-1, and 12-2.
[7] SCI, ECF No. 97; *See* footnotes 5 and 6.
[8] Lis Pendens, ECF No. 8.

89081;[9] 1829 La Calera Avenue, North Las Vegas, Nevada, 89084;[10] 890 Harbor Avenue, Henderson, Nevada 89002;[11] and 176 Glen Falls Avenue, Henderson, Nevada 89002.[12]

On April 13, 2022, Cambria Colinas Homeowners Association recorded a Notice of Default for 6033 Watermelon.[13] "No sale date will be set until ninety (90) days from the date of the notice of default," which was July 11, 2022. Since then, a default date or sale date has not been set or recorded. On April 3, 2024, The United States filed a Motion to Prevent HOA Default Foreclosure Sale of 6033 Watermelon.[14]

On June 9, 2023, MTC Financial, dba Trustee Corps (MTC), recorded a Notice of Breach and Default with the Clark County Recorder due to failure of payments on 6033 Watermelon.[15] A default date, sale date, or timeline was not stated in the Default Notice. The government filed a Motion to prevent MTC from foreclosing[16] and filed a Reply to Non-Response.[17] On January 24, 2024, this Court entered an Order granting the Motion to prevent MTC's foreclosure and that "no foreclosure sale of the propert[y] located at … 6033 Watermelon Street, North Las Vegas, 89081 shall occur without explicit approval of this Court."[18]

On December 12, 2023, a Ten-Count Superseding Criminal Indictment was entered charging Dezfooli with three counts of bank fraud in violation of 18 U.S.C. § 1344(2), three counts of concealment money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and four counts of monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957.[19] Forfeiture is alleged under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1) and

---

[9] Lis Pendens, ECF No. 9.
[10] Lis Pendens, ECF No. 10.
[11] Lis Pendens, ECF No. 11.
[12] Lis Pendens, ECF No. 12.
[13] Motion to Prevent HOA Default Foreclosure of 6033 Watermelon Street, North Las Vegas, NV 89081 (HOA Motion), ECF No. 134, HOA Motion Ex., ECF No. 134-1, Ex. D, Notice of Default and Election to Sell Under Notice of Delinquent Assessment Lien.
[14] Id.
[15] MTC Motion, ECF No. 95-1, Ex. C, Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust.
[16] MTC Motion, ECF No. 95.
[17] Reply to Non-Response to Motion to Prevent MTC Foreclosure, ECF. No. 115.
[18] Order, ECF No. 116 (brackets and ellipses added).
[19] SCI, ECF No. 97.

982(a)(2)(A) and identified 6033 Watermelon, four other real properties, a 2021 Tesla, and a 2021 Bentley as forfeitable property, and criminal forfeiture money judgments of at least $11,231,186.52, $2,303,872.56, and $965,276.11.[20] At his arraignment, Dezfooli plead not guilty to all ten Counts.[21] A jury trial is currently set for August 26, 2024.[22]

**II. ARGUMENT**

This Court has authority to issue the Order for Interlocutory Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."[23]

Only one of the grounds for interlocutory sale is required since Supplemental Rule G(7)(b) is disjunctive.[24]

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.[25]

Under Supplemental Rule G(7)(b), this case meets four grounds for issuing an Order for an Interlocutory Sale: (1) the property is at risk of deterioration, decay, and injury as time passes; (2) the expense of keeping the property will become disproportionate to its fair market value because it is subject to HOA fees, taxes, assessments, special assessment, late fees, interest, penalties, and their continual accrual against the real property's value; (3) the property is in default where the holder of the Deed of Trust, MTC, and Cambria Carolinas HOA have attempted to foreclose due to unpaid mortgage payments, taxes, assessments,

---

[20] *Id.*, p. 16-21.
[21] Court Minutes - Arraignment & Plea, ECF No. 104.
[22] Order to Continue, ECF No. 131.
[23] Fed. R. Crim. P. 32.2(b)(7).
[24] *See Shelter Cove Marina, Ltd. v. M/Y ISABELLA,* No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, 2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive); *Cal. Yacht Marina-Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, 2 (S.D. Cal. Mar. 16, 2015) (explaining the same).
[25] Supp. R. G(7)(b) (paragraphs omitted).

4

and HOA fees; and (4) the court finds other good cause: (a) the value of the property depreciates as mortgage interest rates have increased; (b) unpaid mortgage payments, taxes and fees will continue to accrue and need to be paid; and (c) HOA fees will continue to accrue and need to be paid.[26]

The accruing unpaid payments of the mortgage, HOA fees, taxes, assessments, special assessment, late fees, interest, and penalties are decreasing the property's equity. In *479 Tamarind Drive*, the court granted the interlocutory sale because the property had "[m]ore than $40,437.55 in taxes… currently due… raising the risk that the County may move to impose a lien and thereby diminish the property's value to the Government should this forfeiture action succeed."[27] 6033 Watermelon's property value is decreasing rapidly.

In *Fisch*, the interlocutory sale was granted due to the accumulation of past due taxes.[28] The *Fisch* property was substitute property and was divisible with the defendant's wife.[29] In this case, the property was purchased with illegal proceeds and is subject to forfeiture after any liens and fees are paid. 6033 Watermelon's property value is decreasing rapidly. MTC and the HOA have attempted to foreclose the property for past due mortgage payments and unpaid HOA fees that the Court has prevented. The taxes, the mortgage, and the HOA fees continue to accrue.

If an accident occurred on the property, that would also rapidly decrease the property's equity. The government seeks to preserve as much of the equity as possible for

/ / /

---

[26] Supplemental Rule G(7)(b); Fed. R. Crim. P. 32.2(b)(7); see *United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389–90 (10th Cir. 1997) (explaining the district court orders an interlocutory sale when the property is deteriorating and decaying). See *United States v. All Right, Title & Interest in Prop., Appurtenances, & Improvements Known as 479 Tamarind Drive, Hallendale, Fla.*, 98 CIV. 2279 DLC, 2012 WL 3886698, 2 (S.D.N.Y. Sept. 7, 2012) (explaining that interlocutory sale order was granted because of past due taxes would lower the value of the real property).
[27] *United States v. All Right, Title & Interest in Prop., Appurtenances, & Improvements Known as 479 Tamarind Drive, Hallendale, Fla.*, 98 CIV. 2279 DLC, 2012 WL 3886698, 2 (S.D.N.Y. Sept. 7, 2012)
[28] *United States v. Fisch*, No. H-11-722, 2016 WL 4702588 (S.D. Tex. Sep. 8, 2016).
[29] *Id*.

5

the forfeiture proceedings.[30] The sale proceeds of 6033 Watermelon will be the "substitute res subject to forfeiture in place of the property that was sold[, and] the proceeds must be in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action."[31]

"A sale must be made by a United States agency that has authority to sell the property, *by the agency's contractor*, or by any person the court designates."[32] If the Court grants this Motion, the United States recommends this Court authorize Doug Sawyer to sell the property under "28 U.S.C. §§ 2001, 2002, and 2004."[33]

### III. JUDICIAL SALES PROCEDURE

If a court orders an interlocutory sale of property over the objection of any interested party, the sale must comply with the provisions of 28 U.S.C. §§ 2001 and 2002. These statutes provide procedural safeguards to ensure that court-ordered sales are made on terms that best preserve the parties' interests. Section 2001(a) authorizes public sales of property and sales by court-appointed receivers. Section 2001(b) permits private sales of property for cash or other consideration after a hearing of which notice to all interested parties shall be given by publication, or as otherwise directed by the court, and after the court finds that the best interests of the estate will be conserved thereby.

By this Motion, the United States requests authorization to proceed with a private sale of the above-listed property. Based upon the reasons set forth herein, the United States believes that a prompt sale of the property by the United States, followed promptly by releasing the proceeds to the United States affords the best protection to all concerned. The United States believes that a private sale versus a public sale will allow the United States the discretion to sell the property in the most commercially feasible manner and maintain the most value for Dezfooli.

---

[30] *United States v. Haley*, No. 11–CR–0540–WDQ, 2011 WL 6202787, 1 (D. Md. Dec. 8, 2011) (granting the interlocutory sale to avoid liability for accidents and to "avoid falling in arrears on the payment of applicable property taxes.").
[31] Supplemental Rule G(7)(b)(iv) (brackets added); *United States v. King*, No. 10 CR. 122 (JGK), 2010 WL 4739791, 4 (S.D.N.Y. Nov. 12, 2010).
[32] Supplemental Rules G(7)(b)(ii) (emphasis added).
[33] Supplemental Rules G(7)(b)(iii).

As required by 28 U.S.C. § 2001(b), notice of the Government's Motion must be given by publication or otherwise as this Court directs. The sale of the property through the multiple listing service and other major internet websites for real property meets the requirements of 18 U.S.C. §§ 2001, 2002, and 2004.

The sale of the property through the multiple listing service and other major internet websites for real property meets the requirements of 18 U.S.C. §§ 2001, 2002, and 2004.

Under 28 U.S.C. § 2001(b), three disinterested persons must appraise the properties. To meet that requirement, the United States has obtained the following neutral appraisal estimates as of April 2, 2024:

1. Zillow.com for $400,800;
2. Redfin.com for $365,436; and
3. Homes.com for $396,255.

**IV. CONCLUSION**

Based on the foregoing reasons, this Court should Order the Interlocutory Sale of 6033 Watermelon Street, North Las Vegas, Nevada 89081, and to authorize Doug Sawyer as the designated real estate agent to sell it.

Dated: April 4, 2024.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

 /s/  Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
Cristina S. Silva
United States District Judge

Dated: September 10, 2024