# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff<br><br>　v.<br><br>Meelad Dezfooli,<br><br>　　　　Defendant | Case No. 2:22-cr-00142-CDS-DJA<br><br>**Order Striking Defendant's Pro Se Filing**<br><br>[ECF No. 269] |

　　　The grand jury indicted defendant Meelad Dezfooli charging him with bank fraud, concealment money laundering, and monetary transactions in criminally derived property. Indictment, ECF No. 1. Dezfooli made his initial appearance before the court on July 11, 2022, and was released on bond with conditions and supervision. PR Bond, ECF No. 13. On November 16, 2023, Magistrate Judge Brenda Weksler found that Dezfooli had violated conditions of his release and ordered him detained pending trial. Order, ECF No. 84. Dezfooli was to self-surrender to the United States Marshals Service by noon on November 20, 2023. *Id.* Dezfooli surrendered accordingly and has remained in continuous custody of the U.S. Marshals since that time. *See, e.g.*, ECF No. 88; ECF No. 240; ECF No. 271 (minutes of proceedings indicating that defendant is present and in custody).

　　　On September 27, 2024, Dezfooli filed, pro se, a rogue proposed appearance bond (the "bond") on his own behalf. ECF No. 269. As a threshold matter, "a bail bond is a contract between the government and the defendant and his surety," *United States v. Toro*, 981 F.2d 1045, 1047–48 (9th Cir. 1992) (citing *United States v. Lujan*, 589 F.2d 436, 438 (9th Cir. 1978)). The purpose of a bail bonds is to make sure defendants show up for court. *Toro*, 981 F.2d at 1049. But Dezfooli has not been ordered released, so there is no contract between him, the government, and the purported surety, nor is there any need to assure his appearance for court as he is detained pending sentencing.

Further, Local Rule 11-6(a) states "[a] party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney." Local Rule 11-6(a); *see also Le v. Almager*, 2013 WL 415632, at *1 (N.D. Cal. Jan. 31, 2013) ("A court need not consider pro se motions filed by a party who remains represented by counsel."). Although I relieved Dezfooli's prior counsel, Mr. Richard Pocker, on October 1, 2024, the same day Dezfooli filed the "bond," I also appointed a new, but yet-to-be-named,[1] attorney to represent Dezfooli at the same time. *See* Mins. of Proceedings, ECF No. 271. Thus, Dezfooli had appointed counsel at the time he filed the purported personal recognizance bond, making the document rogue.

Accordingly, the rogue and improper proposed personal recognizance bond **[ECF No. 269]** filed by Dezfooli is hereby **STRICKEN**. Dezfooli remains ordered detained pending sentencing on December 5, 2024.

Dated: October 2, 2024

_____
Cristina D. Silva
United States District Judge

---

[1] Lucas Gaffney, Esq., was named as the attorney of record the following day. ECF No. 273.