SUE FAHAMI
Acting United States Attorney
Nevada Bar No. 5634
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>MEELAD DEZFOOLI,<br><br>Defendant<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTR ASSET BACKED SECURITIES TRUST 2006-WMC4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-WMC4,<br><br>Third-Party Petitioner | 2:22-CR-142-CDS-DJA<br><br>Order Approving Stipulation of Third-Party Petitioner, U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-WMC4, Mortgage Pass-Through Certificates, Series 2006-WMC4, ECF No. 272, and Order<br><br>[ECF No. 327] |

The United States of America; U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-WMC4, Mortgage Pass-Through Certificates, Series 2006-WMC4 (U.S. Bank); Select Portfolio Servicing, Inc. (SPS), the servicer and attorney-in-fact for U.S. Bank, through their counsel, Robert A. Riether, Wright, Finlay & Zak, LLP, agree as follows:

1. The Grand Jury sitting in Las Vegas, Nevada, returned a Ten-Count Superseding Criminal Indictment against Meelad Dezfooli charging him in Counts One through Three with bank fraud in violation of 18 U.S.C. § 1344(2); in Counts Four through Six with concealment money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and in Counts Seven through Ten with monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957. Superseding Criminal Indictment, ECF No. 97.

2. The jury found Meelad Dezfooli guilty of Counts One through Ten of a Ten-Count Superseding Criminal Indictment, and the jury found, and the Court ordered, forfeiture of property set forth in the Forfeiture Allegations of the Superseding Criminal Indictment, including 6033 Watermelon Street, North Las Vegas, Nevada 89081.[1] Superseding Criminal Indictment, ECF No. 97; Minutes of Jury Trial Day 7, ECF No. 239; Minutes of Jury Trial Day 8, ECF No. 240; Jury Verdict, ECF No. 243; Forfeiture Jury Instructions and Special Verdict Forms, ECF No. 246; Preliminary Order of Forfeiture, ECF No. 251.

3. On October 1, 2024, U.S. Bank filed a Verified Notice of Claim in Support of its mortgage interest in 6033 Watermelon Street, ECF No. 272.

4. Patrick Pittman, Document Control Officer for SPS on behalf of U.S. Bank, declares, under penalty of perjury under 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, U.S. Bank has an interest in the deed of trust and the promissory note on 6033 Watermelon Street.

5. SPS and U.S. Bank affirms no insurer or third party has compensated U.S. Bank for the value of 6033 Watermelon Street.

6. SPS and U.S. Bank affirms that it has not assigned, sold, or otherwise alienated its interest in 6033 Watermelon Street since the time it was assigned the deed of trust for 6033 Watermelon Street.

7. SPS and U.S. Bank provided the necessary documents to the United States pursuant to Rules 803(6) and (15) (hearsay exceptions) and 901-903 (authentication) of the Federal Rules of Evidence to support the owed principal and interest and the daily accruing balance.

8. After the United States District Court has signed and entered this Stipulation of Third-Party Petitioner, U.S. Bank and Order (Stipulation); the Final Order of Forfeiture;

---

[1] More particularly described as: LOT TWENTY-SIX (26) OF FINAL MAP OF TROPICAL / WALNUT – UNIT 1 (A COMMON INTEREST COMMUNITY) AS SHOWN BY MAP THEREOF ON FILE IN BOOK 121 OF PLATS, PAGE 53, IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. (APN: 123-30-610-026);

and the Amended Final Order of Forfeiture; after the Internal Revenue Service-Criminal Investigation sells 6033 Watermelon Street, and after all expenses and costs are paid, including, but not limited to, any outstanding monthly maintenance charges, all of the principal, per diem interest charges, outstanding taxes, expenses of custody, maintenance, repairs, sale costs, escrow advance, and casualty insurance, incurred by Internal Revenue Service, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees the United States agrees U.S. Bank will receive payment from the net sale proceeds of 6033 Watermelon Street. When the conditions in this paragraph are met and the property is sold, the United States will transfer to U.S. Bank and SPS through Robert A. Riether:

    a. Unpaid principal: $213,842.61;

    b. Escrow Impound Advance Balance: $ 16,551.36;

    c. Loan Level Advance Balance: $ 2,335.53;

    d. As of January 29, 2025, Interest: $ 68,162.55; and

    e. As of January 29, 2025, per diem interest: $33.32 until paid.

9. SPS and U.S. Bank knowingly and voluntarily agrees to fill out the United States Department of the Treasury Automated Clearing House (ACH) form accurately and correctly and submit it to the United States Attorney's Office so the payment will be disbursed by electronic fund transfer to Counsel's IOLTA account for payment to SPS and U.S. Bank.

10. If an offer is made on 6033 Watermelon Street, if the sale proceeds will not cover all expenses and costs, including, but not limited to, any outstanding monthly maintenance charges, all of the principal, per diem interest charges, outstanding taxes, custodial expenses, maintenance, repairs, sale costs, escrow advance, and casualty insurance, and if SPS and U.S. Bank agrees in writing to the sale price within one week of the government giving notice in writing of its intent to declare this Stipulation null and void and to reverse forfeiture of 6033 Watermelon Street, the United States will sell the property and will not be held accountable for the remaining amount owed, and SPS and U.S. Bank will be satisfied

without being made whole. The payment to SPS and U.S. Bank shall be in full settlement and satisfaction of all claims by SPS and U.S. Bank arising from and relating to the detention and forfeiture of 6033 Watermelon Street. Otherwise, this Stipulation shall be null and void, and SPS and U.S. Bank may foreclose on 6033 Watermelon Street.

11. In addition to paragraph 10, the United States also reserves the right, in its discretion, to release and to terminate the forfeiture of 6033 Watermelon Street at any time. In either event, the Government shall promptly notify SPS and U.S. Bank of such action. A discretionary termination of release and forfeiture shall not be a basis for any award of attorney's fees, expenses, interest, and costs.

12. Payment to SPS and U.S. Bank is conditioned upon the United States prevailing against the defendant and any other competing claims.

13. United States Treasury has a national contractor, CWS Marketing Group Inc, that has insured 6033 Watermelon Street through Great American Ins. Co-E&S. If 6033 Watermelon Street is sufficiently damaged for one of the reasons insured under Great American Ins. Co-E&S to prevent the timely sale of 6033 Watermelon Street, as a minimum the insurance will pay off the mortgage debt owed to U.S. Bank under this stipulation.

14. Upon payment, SPS and U.S. Bank agrees to execute further documents, to the extent necessary, to convey clear title to 6033 Watermelon Street and to implement further the terms of this Stipulation.

15. SPS and U.S. Bank agrees to the forfeiture of 6033 Watermelon Street to the United States, subject to paragraphs 8-12.

16. SPS and U.S. Bank agrees to relinquish all rights, titles, and interests in 6033 Watermelon Street, subject to paragraphs 8-12.

17. SPS and U.S. Bank agrees to waive its rights to the criminal forfeiture third-party ancillary hearing (proceeding) of 6033 Watermelon Street in *United States v. Meelad Dezfooli*, 2:22-CR-142-CDS-DJA.

18. SPS and U.S. Bank agrees to waive service of process in this proceeding but will receive service of process of any filed document through CM/ECF.

19. SPS and U.S. Bank agrees to waive any further notice to it, its agents, or its attorney regarding the forfeiture and disposition of 6033 Watermelon Street, subject to paragraphs 8-12.

20. SPS and U.S. Bank agrees not to file any other documents in this proceeding concerning 6033 Watermelon Street in this case except as may be required by the United States Attorney's Office or this Court. Notwithstanding the above provision, if any party, person, or entity, who is not a signatory of this stipulation, files a petition, SPS and U.S. Bank retains the right to file any documents to defend their rights concerning their interest in 6033 Watermelon Street.

21. SPS and U.S. Bank agrees to withdraw any petitions or other documents, including, but not limited to, the Verified Notice of Claim in Support of its mortgage interest in 6033 Watermelon Street, ECF No. 272., it filed in this proceeding concerning 6033 Watermelon Street when this Court grants this Stipulation.

22. SPS and U.S. Bank waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853, including, but not limited to, the filing of a third-party ancillary petition, the court having a third-party ancillary hearing, the court making factual findings regarding the forfeiture of defendant's assets, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment in any proceedings regarding 6033 Watermelon Street, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution.

23. SPS and U.S. Bank waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment in any proceedings regarding 6033 Watermelon Street, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution.

24. SPS and U.S. Bank waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the in personam criminal forfeiture money judgment and the substitution and forfeiture of defendant's assets in any proceedings, regarding 6033

Watermelon Street in *this* case, including, but not limited to, excessive fines and cruel and unusual punishments under the Eighth Amendment to the United States Constitution.

25. SPS and U.S. Bank agrees to the conditions in this Stipulation and the entry of the Final Order of Forfeiture incorporating by reference this Stipulation.

26. SPS and U.S. Bank agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the Internal Revenue Service, the Internal Revenue Service-Criminal Investigation, their agencies, their agents, and their employees from any claim made by it or any third party arising from the facts and circumstances of this case regarding ownership of the deed of trust and the promissory note.

27. SPS and U.S. Bank releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the Internal Revenue Service, the Internal Revenue Service-Criminal Investigation, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that SPS and U.S. Bank now has or may hereafter have on account of, or in any way growing out of the forfeiture and the taking of 6033 Watermelon Street in the criminal forfeiture.

28. This Stipulation contains the entire agreement between the parties.

29. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

30. Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

31. The persons signing this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the entity on whose behalf they are signing to the terms of this Stipulation.

32. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

33. Each party shall bear its own attorneys' fees, expenses, interest, and costs, except for paragraph 8. A discretionary termination of forfeiture shall not be a basis for an award of attorneys' fees, expenses, interest, and costs.

34. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the forfeiture of 6033 Watermelon Street.

Dated: February 13, 2025

Wright, Finlay & Zak, LLP

Robert A. Riether, Attorney for SPS and U.S. Bank, Third-Party Petitioner

Dated: February 10, 2025

Select Portfolio Servicing, Inc., the servicer and attorney-in-fact for U.S. Bank,

BY: Michelle Simon
ITS: Document Control Officer

Dated: February 13, 2025

SUE FAHAMI
Acting United States Attorney
/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

Cristina
~~CHRISTINA~~ D. SILVA
UNITED STATES DISTRICT JUDGE

DATED: February 18, 2025