SUE FAHAMI
Acting United States Attorney
Nevada Bar No. 5634
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff.<br><br>v.<br><br>MEELAD DEZFOOLI,<br><br>  Defendants<br><br>CLARK COUNTY,<br><br>  Third-Party Petitioner. | 2:22-CR-142-CDS-DJA<br><br>Order Approving<br>**Stipulation for Third-Party Petitioner Clark County Realty Taxes and Order**<br><br>[ECF No. 329] |

  The United States of America and Clark County agree as follows:

  1. The Grand Jury sitting in Las Vegas, Nevada, returned a Ten-Count Superseding Criminal Indictment against Meelad Dezfooli charging him in Counts One through Three with bank fraud in violation of 18 U.S.C. § 1344(2); in Counts Four through Six with concealment money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and in Counts Seven through Ten with monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957.[1]

  2. The jury found Meelad Dezfooli guilty of Counts One through Ten of a Ten-Count Superseding Criminal Indictment, and the jury found, and the Court ordered, forfeiture of properties set forth in the Forfeiture Allegations of the Superseding Criminal Indictment.[2]

---

[1] Superseding Criminal Indictment, ECF No. 97.
[2] Superseding Criminal Indictment, ECF No. 97; Minutes of Jury Trial Day 7, ECF No. 239; Minutes of Jury Trial Day 8, ECF No. 240; Jury Verdict, ECF No. 243; Forfeiture Jury

3. Dezfooli forfeited the following properties:

    a. 6116 Chinook Way, Las Vegas, Nevada 89108;

    b. 1829 La Calera Ave., North Las Vegas, Nevada 89084;

    c. 6033 Watermelon Street, North Las Vegas, Nevada, 89081;

    d. 176 Glen Falls Ave, Henderson, Nevada, 89002; and

    e. 890 Harbor Ave., Henderson, Nevada, 89002.[3]

4. On June 9, 2021, Clark County deeded 1829 La Calera Avenue, North Las Vegas, Nevada 89084 to the treasury for unpaid taxes.[4] The Clark County Treasurer informed the United States that it will not proceed with selling the property but will await for the United States to sell 1829 La Calera.

5. On June 13, 2023, Clark County deeded 6116 Chinook Way, Las Vegas, Nevada 89108 to the treasury for unpaid taxes.[5] On May 14, 2024, the United States moved to prevent the tax sale of 6116 Chinook.[6] On August 5, 2024, the Court granted the Motion to prevent the tax sale.[7]

6. Dezfooli has not paid Clark County the realty taxes, calculated interest, late fees, costs, expenses, etc.

7. Clark County has not traded, sold, or otherwise alienated its interest in the properties.

8. Clark County contacted the United States timely to resolve its interest in the properties, which both parties took considerable time to complete, and enters into this Stipulation.

---

Instructions and Special Verdict Forms, ECF No. 246; Preliminary Order of Forfeiture, ECF No. 251.

[3] Preliminary Order of Forfeiture, ECF No. 251. *See* Preliminary Order of Forfeiture for full legal descriptions.

[4] Motion to Prevent foreclosure sale of 1829 La Calera Avenue, North Las Vegas, Nevada 89084, ECF No. 60, Exhibit A, Clark County Property Search.

[5] Motion for an Interlocutory Order of Sale of 6116 Chinook Way, Las Vegas, Nevada 89109, ECF No. 136, Exhibit B, Clark County Recorder Property Search.

[6] Motion to Prevent Clark County Treasurer from a Tax Sale of 6116 Chinook Way, Las Vegas, Nevada 89108, ECF No. 154.

[7] Order Granting Motion to Prevent Tax Sale of 6116 Chinook Way, ECF No. 198.

9. Clark County knowingly and voluntarily agrees to the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the properties.

10. Clark County knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the properties.

11. Clark County knowingly and voluntarily agrees to waive its right to any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the properties.

12. Clark County knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the properties.

13. Clark County knowingly and voluntarily agrees to waive any further notice to it, its agents, or its attorneys regarding the forfeiture and disposition of the properties.

14. Clark County knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the properties.

15. Clark County knowingly and voluntarily agrees to withdraw any claims, petitions, answers, counterclaims, petitions, or other documents it filed in any proceedings concerning the properties.

16. Clark County knowingly and voluntarily agrees to waive its right to a hearing on the forfeiture of the properties.

17. Clark County knowingly and voluntarily waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), and 21 U.S.C. § 853(n), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the forfeiture in any proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution.

18. Clark County knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the properties in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution.

19. Clark County knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the properties in any proceedings, including, but not limited to, excessive fines and cruel and unusual punishments under the Eighth Amendment to the United States Constitution.

20. Clark County knowingly and voluntarily agrees to the entry of Orders of Forfeiture of the properties to the United States.

21. Clark County knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Clark County and Order (Stipulation).

22. Clark County knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the Internal Revenue Service, the Internal Revenue Service-Criminal Investigation, their agencies, their agents, and their employees from any claim made by it or any third party arising from the facts and circumstances of this case.

23. Clark County knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the Internal Revenue Service, the Internal Revenue Service-Criminal Investigation, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Clark County now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the properties in the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

24. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party,

person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, or representative relies on such statement or representation in executing this Stipulation.

25. Except paragraph 26, after this Court enters an order granting the Motion for Interlocutory Sale of the properties, the properties are forfeited in the criminal case, the Final Order of Forfeiture is entered, and the United States District Court has signed this Stipulation concerning the properties, within a practicable time thereafter for the United States, the United States agrees Clark County will receive payment from the sale proceeds of the properties. Except under paragraph 26, the government will pay the following amounts for each properties under forfeiture policy that does not legally bind the United States: When the conditions in this paragraph are met, the United States will transfer to Clark County:

| Properties | Taxes Owed |
|---|---|
| A. 176 Glen Falls Ave. | $13,934.52; |
| B. 890 Harbor Ave. | $11,491.24; |
| C. 6116 Chinook Way | $ 6,596.61; |
| D. 1829 La Calera Ave. | $25,472.16; and |
| E. Watermelon | $ 0 |
| Total | $57,494.53 |

26. If, due to accruing charges or any other reason, the total owed to other third-party petitioners and Clark County equals or exceeds the fair market value of the property, this Stipulation shall be null and void, and the United States may allow Clark County or other third-party petitioners to foreclose on the properties.

27. The persons signing this Stipulation warrant and represent they have full authority to execute this Stipulation and to bind the entities, on whose behalf they are signing, to the terms of this Stipulation.

28. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to,

and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

29. Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

30. This Stipulation contains the entire agreement between the parties.

31. Each party shall bear its own attorneys' fees, expenses, interest, and costs.

32. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the properties.

Dated: _____

_____
Sarah Schaerrer
Deputy District Attorney
Clark County District Attorney's Office
Clark County, Third-Party Petitioner

Dated: __February 19, 2025__

SUE FAHAMI
Acting United States Attorney

__/s/ Daniel D. Hollingsworth__
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE

DATED: __February 21, 2025__