UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Meelad Dezfooli,<br><br>　　　　　Defendant | Case No. 2:22-cr-00142-CDS-DJA<br><br>**Order Granting United States of America's Motion for an Interlocutory Order Sale of 176 Glen Falls Avenue, Henderson, Nevada 89002**<br><br>[ECF No. 261] |

On September 16, 2024, the United States filed a motion for an order permitting interlocutory sale of real property held in the name of "Sanam Limited," located at 176 Glen Falls Avenue, Henderson, Nevada 89002[1] ("176 Glen Falls" or "the Property").[2] Mot., ECF No. 261. The government also moves for permission to authorize Doug Sawyer as the designated real estate agent to sell the Property. *Id.* Dezfooli opposes the motion in its entirety. Opp'n, ECF No. 286. The motion is fully briefed. *See* Reply, ECF No. 290. For the reasons set forth herein, the motion is granted.

---

[1] 176 Glen Falls Avenue, Henderson, Nevada 89002 (176 Glen Falls) is more particularly described as:

> LOT 17 IN BLOCK "C" OF PARADISE HILLS NO. 16, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 97 OF PLATS, PAGE 8, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA. EXCEPTING THEREFROM ALL MINERALS, OIL, GAS PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND ALL GEOTHERMAL ENERGY SOURCES IN OR UNDER OR WHICH MAY BE PRODUCED FROM THE WITHIN-DESCRIBED LAND WHICH LIE BELOW A PLANE PARALLEL TO AND FIVE HUNDRED (500) FEET BELOW THE SURFACE OF THE WITHIN-DESCRIBED LAND, FOR THE PURPOSE OF PROSPECTING, EXPLORATION, DEVELOPMENT, PRODUCTION, OR EXTRACTION OF SAID SUBSTANCES BY MEANS OF MINES, WELLS, DERRICKS, AND/OR OTHER EQUIPMENT; PROVIDED, HOWEVER, THAT THE OWNER OF SAID SUBSTANCES SHALL HAVE NO RIGHT TO ENTER THE SURFACE OF THE WITHIN-DESCRIBED LAND NOR TO USE SAID LAND ABOVE SAID PLANE PARALLEL TO AND FIVE HUNDRED (500) FEET BELOW THE SURFACE OF SUCH LAND; TOGETHER WITH ALL IMPROVEMENTSAND APPURTENANCES THEREON, APN: 179-31-212-022.

[2] The Glen Falls property is subject to criminal forfeiture (*see* superseding indictment, ECF No. 97), and already forfeited in the Preliminary Order of Forfeiture. POOF, ECF No. 251.

I.  Discussion

After a seven-day jury trial, defendant Meelad Dezfooli was convicted of three counts of bank fraud in violation of 18 U.S.C. § 1344(2), three counts of concealment money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and four counts of monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957. *See* Verdict, ECF No. 243. A jury also determined the government had met its burden demonstrating a sufficient nexus between the property set forth in the forfeiture allegations of the superseding indictment to ten offenses for which he was convicted. *See* Forfeiture Jury Instrs. and Special Verdict Forms, ECF No. 246.

Rule 32.2(b)(7) clearly states that "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). Further, pursuant to Rule G(7), Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action, "the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause." *United States v. Boscarino*, 2012 U.S. Dist. LEXIS 9701, *1–2 (D. Ariz. Jan. 27, 2012) (citing *United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Ests.*, 128 F.3d 1386, 1389–90 (10th Cir. 1997) (because property was subject to deterioration and decay, district court granted Government's motion for interlocutory sale) and *United States v. Gianelli*, 594 F. Supp. 2d 148, 150 (D. Mass. 2009) (Section 853(e) authorizes the court to order the interlocutory sale of real property subject to criminal forfeiture to preserve the equity in the property when the defendant stops paying the mortgage, taxes or insurance)).

The Property is subject to forfeiture following Dezfooli's conviction because it was purchased utilizing monies (in the form of cashier's checks) from his fraudulently obtained PPP loans. *See* ECF No. 60-1,[3] Ex. 7-1 book 1, line 477; *see also id.* at Ex. 7-1, book 2, lines 62–63, 67; Ex. F, Receipt of funds; Ex. G, Cashier's checks; Ex. 7-1, book 4, line 100; Ex. 7-1, book 5 lines 40, 42, 45. Indeed, Dezfooli does not dispute that the property is subject to forfeiture, but rather argues the motion is premature and should not be granted during the appellate process.[4] *See generally* Opp'n, ECF No. 286. I am unconvinced by Dezfooli's opposition.

As set forth in the government's motion, the accruing non-payments of the taxes, its fees, HOA fees, assessments, special assessment, late fees, interest, penalties, additional liens, shooting, and squatters are decreasing the property's equity. *See* Mot., ECF No. 261 at 8–10; *see also* Reply, ECF No. 290 at 3–5. Further, the Property's value has been declining. ECF No. 261 at 9–10; ECF No. 390 at 5. Thus, four factors set forth in Supplemental Rule G(7)(b), which gives this court authority to grant the government's motion, are met here.

Accordingly, having considered the motion and related filings, and applying the applicable rules and authority, the court grants the government's motion for an order the Interlocutory Sale of 176 Glenn Falls Avenue, Henderson, Nevada 89002 and hereby authorizes Doug Sawyer as the designated real estate agent to sell it.[5] The sale must comply with 28 U.S.C. §§ 2001 and 2002.

## II.   Conclusion

IT IS HEREBY ORDERED that the government's motion for an order permitting interlocutory sale of real property held in the name of "Sanam Limited," located at 176 Glen Falls Avenue, Henderson, Nevada 89002 **[ECF No. 261] is GRANTED.**

---

[3] This exhibit is incorporated into this order.
[4] As part of his motion, Dezfooli notes he will seek a stay of forfeiture pending appeal. Opp'n, ECF No. 286 at 4. No request to stay is currently pending and there is no authority cited that would permit denial of this motion pending application of a stay.
[5] Dezfooli requested that the court authorize Juan Rubio as the agent. *See* Opp'n, ECF No. 286 at 7. This request is denied because "[a] sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." Supplemental Rules G(7)(b)(ii).

IT IS FURTHER ORDERED that Doug Sawyer is hereby authorized as the designated real estate agent to sell the Property.

Dated: July 10, 2025

_____
Cristina D. Silva
United States District Judge